**Charles Patrick CLARK, Plaintiff,**

v.

**Drew PEARSON and the Washington Post Company, Defendants.**

**Civ. A. No. 710–62.**

United States District Court
District of Columbia.

Jan. 26, 1965.

Warren E. Magee, Washington, D. C., for plaintiff.

John Donovan and Michael Horne, Washington, D. C., for defendants.

David C. Acheson, U. S. Atty., Joseph M. Hannon and Sylvia A. Bacon, Asst. U. S. Attys., Washington, D. C., for the Attorney General.

MATTHEWS, District Judge.

Reference is made to the motions heard on January 14, 1965, these being the motion of the Acting Attorney General of the United States filed January 6, 1965 seeking an order quashing or further modifying the subpoena served on him November 20, 1964, and the motion of the defendant Pearson filed January 4, 1965 to quash the same subpoena.

In the main the materials sought by the subpoena are the product of the investigative function of the Department of Justice including the Federal Bureau of Investigation. The scope of the subpoena is so extensive as to embrace any and all papers concerning events described in the Pearson article which may have been prepared by employees of the Department of Justice for use within that Department, including investigative files, reports, memoranda, and even advisory recommendations preliminary to action or non-action by the department. Traditionally a privilege has been recog-

nized for materials produced pursuant to the investigative functions of government agencies, 8 Wigmore, Evidence § 2378 (McNaughton rev. 1961), and it should be recognized here.

■■ In the article which is the subject of the instant libel action Mr. Pearson referred to certain checks which allegedly passed from plaintiff to Congressman Keogh and said that in September, 1950 he (Pearson) "handed the information to the Justice Department whereupon both Keogh and Clark were quizzed by the FBI." Since Mr. Pearson identified himself as the supplier of the information to the Department of Justice, clearly this is not a case where the government has an interest in nondisclosure of the identity of an informer, and under the circumstances the information volunteered by Mr. Pearson is not immune from disclosure. 8 Wigmore, Evidence § 2374 (McNaughton rev. 1961), pp. 765–767. The Acting Attorney General suggests that without bothering the Government the plaintiff may obtain that information from Mr. Pearson himself by taking his deposition. However, at best, his deposition may reflect only his present recollection of the information he gave in 1950—almost 15 years ago—while the information "handed" by him to the Department in 1950 contemporaneous with that event might well be more revealing and speak for itself.

Under the circumstances the court believes that information "handed" to the Department of Justice by Mr. Pearson and in the custody of that Department should be made available to the plaintiff. Accordingly the court will modify the subpoena by limiting it to that information.

An appropriate proposed order should be submitted by Miss Bacon, Assistant United States Attorney.