COMMERCIAL CAPITAL CORPORATION, a corporation, G.N. Van Horn and Bert Chesnut, Petitioners,

v.

SECURITIES AND EXCHANGE COMMISSION, Respondent.

No. 15365.

United States Court of Appeals Seventh Circuit.

May 2, 1966.

John J. Enright, Chicago, Ill., for petitioners, Arvey, Hodes & Mantynband, Chicago, Ill., of counsel.

Philip A. Loomis, Jr., Gen. Counsel, David Ferber, Sol., Securities and Exchange Commission, Martin D. Newman, Atty., Securities and Exchange Commission, Washington, D. C., for respondent.

Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

Petitioners Van Horn and Chesnut appearing pursuant to subpoena, testified in a nonpublic investigation conducted by the Securities and Exchange Commission with respect to Commercial Capital Corporation and others.

Thereafter, on May 28, 1965, petitioners' attorney requested permission, pursuant to Rule 6 of the SEC's Rules Relating to Investigations (17 CFR § 203.6) to purchase copies of their transcripts from the official reporter.

On July 21, 1965, a letter was issued from the Securities and Exchange Commission bearing the signature of the Commission's secretary which stated in material part:

"Please be advised that the Commission has denied your request for authorization to purchase a copy of the above-captioned testimony. The Commission determined that the granting of the request at this time would be inconsistent with the proper execution of its statutory functions."

This is the "order" which petitioners seek to review.

Prior to oral argument, the Securities and Exchange Commission moved to dismiss the instant petition for review for lack of jurisdiction, claiming that the Commission's order was not reviewable. We ordered that the motion to dismiss be taken with the case. On oral argument, this point was argued as well as petitioners' contention that the manner in which the Commission refused to sell them a transcript of the investigative hearing, amounted to a denial of due process.

The Securities and Exchange Commission has broad authority to adopt rules and regulations necessary for the execution of it functions. The Commission has adopted a body of rules known as "Rules Relating to Investigations, 17 CFR 203.1, et seq." Rule 6 of these rules provides:

"Transcripts, if any, of formal investigative proceedings, shall be recorded solely by the official reporter, or by any other person or means designated by the officer conducting the investigation. A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees; provided, however, that in a non public formal investigative proceeding a person seeking a transcript of his testimony shall file a written request stating the reason he desires to procure such transcript, and the Commission may for good cause deny such request. In any event, any witness (or his counsel), upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony."

The provisions of the Administrative Procedure Act, 5 U.S.C. § 1001

et seq. also covers the activities of the Securities and Exchange Commission. Section 6(b) of that Act (5 U.S.C. § 1005(b)), provides in pertinent part:

"Every person compelled to submit data or evidence shall be entitled to retain or, on payment of lawfully prescribed costs, procure a copy or transcript thereof, except that in a nonpublic investigatory proceeding the witness may for good cause be limited to inspection of the official transcript of his testimony."

The legislative history of the Administrative Procedure Act shows Congress was aware that investigations by the Commission, like those of a grand jury, might be thwarted in certain cases if not kept secret, and that if witnesses were given a copy of their transcript, suspected violators would be in a better position to tailor their own testimony to that of the previous testimony, and to threaten winesses about to testify with economic or other reprisals. Therefore Congress added to an earlier draft of Section 6(b) of the Administrative Procedure Act, language giving the agencies the authority to deny for good cause a witness' request for a transcript of his testimony in a nonpublic investigation.

It is extremely doubtful that Congress intended a direct court review of orders entered by the Securities and Exchange Commission in the course of a nonpublic investigation by that body.

We prefer, however, to rest our decision on the merits. We hold petitioners were not deprived of due process by the Securities and Exchange Commission's determination that a transcript of the investigative hearing should not be sold to petitioners.

 In the first place, Section 6(b) of the Administrative Procedure Act does not require the Commission to spell out the "good cause" which was the basis for the refusal to sell copies of the transcript. We hold that the sale or the withholding of copies of the transcript were within the sound discretion of the Securities and Exchange Commission,

and no abuse of that discretion has been shown.

Undoubtedly, it would be a convenience for the petitioners' attorneys to have transcripts of the testimony in their possession. However, the transcripts are available for inspection not only by petitioners, but by their counsel.

Petitioners Van Horn and Chesnut were named as defendants in an injunction suit brought by the Commission. The District Court found they were officers, directors and controlling stockholders of the petitioner, Commercial Capital Corporation, which had acted as an underwriter in the offer and sale of securities. The Commission's attorney there stated that it was her "opinion that there had been flagrant criminal violations of the securities laws" and "that the investigation was being continued to determine if the Commission should refer the matter to the Justice Department for possible criminal prosecution."

With this background, we hold that petitioners' request that we order the Securities and Exchange Commission to authorize the purchase of a transcript of petitioners' hearing be denied, and that the petition itself will be dismissed.