**Willard J. LaMORTE, Petitioner,**

v.

**Hon. Walter R. MANSFIELD, Judge of the United States District Court for the Southern District of New York, Respondent.**

**No. 631, Docket 35551.**

United States Court of Appeals, Second Circuit.

Argued Jan. 14, 1971.

Decided Jan. 14, 1971.

Sidney Feldshuh, New York City (Feldshuh & Frank, New York City, of Counsel), for petitioner.

Allan K. Peckel, New York City (Kaufman, Taylor, Kimmel & Miller, New York City, of Counsel), for Zients, and others, plaintiffs in the stockholders' actions.

Alan Palwick, New York City (H. A. & C. E. Heydt, New York City, of Counsel), for Shattuck Denn Mining Corp., defendant in the stockholders' actions.

Before MOORE, FRIENDLY and HAYS, Circuit Judges.

FRIENDLY, Circuit Judge:

Willard J. LaMorte, president and director of the Shattuck Denn Mining Corporation, is a defendant in actions now pending in the District Court for the Southern District of New York, which were brought by Alan Zients and other stockholders for alleged violations of the federal securities laws. In the course of taking LaMorte's deposition prior to trial, plaintiffs' attorneys inquired whether LaMorte possessed a copy of the transcript of testimony he had given in 1967, under subpoena, in a nonpublic investigation being conducted by the Securities and Exchange Commission, pursuant to § 20(a) of the Securities Act of 1933 and § 21(a) of the Securities Exchange Act of 1934, in the Matter of Shattuck Denn Mining Corp. Although LaMorte's counsel in the 1967 investigation had obtained, with the SEC's consent, copies of the transcript, which were in the possession of LaMorte's present counsel at all times here relevant, the latter halted any further inquiry into the matter, saying:

> The copy is in the possession of counsel and counsel declines to produce it if that is the thrust of this area for the interrogation on the ground that it is a confidential communication. It is a nonpublic record all in accordance with certain communications that were sent to the court, copies of which were sent to counsel and that is the basis of the refusal.

After further communications between counsel for both parties and the judge as to the proper disposition of plaintiffs' request, Judge Mansfield ordered that defendant LaMorte turn over his copies of the transcript to plaintiffs and any co-defendants who requested them. LaMorte then petitioned this court for a writ of mandamus to require the judge to vacate this order as beyond his power and as an abuse of discretion. We called for an an-

swer, FRAP 21(b), and heard argument. At the conclusion of this we denied the petition but stated that since the issue appears to be a recurring one, see White v. Jaegerman, 51 F.R.D. 161 (S.D.N.Y.1970), we would file an opinion for the benefit of the bar and of other district judges before whom a similar question may arise.

Petitioner relies principally on federal statutes and SEC regulations designed to preserve the secrecy of administrative investigations when this is necessary for proper discharge of the agency's functions. The thrust of his argument is that by availing himself of the opportunity, provided both by statute, 5 U.S.C. § 555(c), and regulation, 17 C.F.R. § 203.6, to obtain under some circumstances a transcript of his testimony before the SEC in a nonpublic investigation, he did not thereby forfeit his alleged privilege to maintain the confidentiality of this testimony.

In order to preserve the confidentiality of information it acquires in certain investigatory proceedings, the SEC promulgated regulations, 2 F.R. 1877 (1937), 2 F.R. 2053 (1937), amended in 1961 to cover specifically such nonpublic records as are here at issue, 26 F.R. 3102:

> Information or documents obtained by officers or employees of the Commission in the course of any examination or investigation pursuant to section 17(a) (48 Stat. 897, sec. 4, 49 Stat. 1379; 15 U.S.C. 78q(a)) or 21(a) (48 Stat. 899; 15 U.S.C. 78u(a)) shall, unless made a matter of public record, be deemed confidential. Officers and employees are hereby prohibited from making such confidential information or documents or any other non-public records of the Commission available to anyone other than a member, officer, or employee of the Commission, unless the Commission authorizes the disclosure of such information or the production of such documents as not being contrary to the public interest. Any officer or employee who is served with a subpoena requiring the disclosure of such information or the production of such documents shall appear in court and, unless the authorization described in the preceding sentence shall have been given, shall respectfully decline to disclose the information or produce the documents called for, basing his refusal upon this section. Any officers or employee who is served with such a subpoena shall promptly advise the Commission of the service of such subpoena, the nature of the information or documents sought, and any circumstances which may bear upon the desirability of making available such information or documents.

17 C.F.R. § 240.0–4. See 17 C.F.R. § 230.122 for the virtually identical regulation under the 1933 Act. The SEC's regulations also provided that "[i]nformation or documents obtained by the Commission in the course of any investigation or examination, unless made a matter of public record, shall be deemed non-public." 17 C.F.R. § 203.2.

The long-standing regulation, set out above, was an articulation of the discretion possessed by the *agency* in determining whether to disclose information acquired in the course of certain investigatory proceedings. In the interest of confining this discretion, which in some instances might be deemed to operate to the undue detriment of private parties, both Congress, by statute, and the SEC, by regulation, explicitly provided for access to testimony such a party has given in a nonpublic investigation. Section 555(c) of 5 U.S.C., 80 Stat. 385 (1966), which substantially reenacted § 6(b) of the Administrative Procedure Act of 1946, provided, in part, that:

> A person compelled to submit data or evidence is entitled to retain or, on payment of lawfully prescribed costs, procure a copy or transcript thereof, except that in a nonpublic investigatory proceeding the witness may for good cause be limited to inspection of the official transcript of his testimony.

Likewise, the SEC has provided in 17 C.F.R. § 203.6 that:

> Transcripts, if any, of formal investigative proceedings, shall be recorded solely by the official reporter, or by any other person or means designated by the officer conducting the investigation. A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a non-public formal investigative proceeding a person seeking a transcript of his testimony shall file a written request stating the reason he desires to procure such transcript, and the Commission may for good cause deny such request. In any event, any witness (or his counsel), upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.[1]

Finally, the Information Act of 1966, 80 Stat. 250, substantially reenacted and codified in 1967, 81 Stat. 54, as 5 U.S.C. § 552, amended § 3 of the Administrative Procedure Act to increase significantly the public availability of agency records. Broadly speaking all identifiable records were to be made generally available save for nine exceptions stated in § 552(b) One of these was

> (7) investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency.

■ Petitioner's assertion is that the grant to agencies of a limited power to maintain the secrecy of nonpublic investigatory records that was made by what is now 5 U.S.C. § 555(c) and by 5 U.S.C. § 552(b) (7), along with the SEC's regulations to the same effect, provides a witness who has obtained copies of his own testimony pursuant thereto with a comparable right of nondisclosure. This would stand these statutes and regulations on their heads. The purpose of § 555(c) was to facilitate access by a witness to his own testimony; the objective of the Information Act was to promote general access to agency records. The attendant limited grants to agencies of the right to inhibit access to testimony in nonpublic investigatory proceedings were in recognition that such investigations, "like those of a grand jury, might be thwarted in certain cases if not kept secret, and that if witnesses were given a copy of their transcript, suspected violators would be in a better position to tailor their own testimony to that of the previous testimony, and to threaten witnesses about to testify with economic or other reprisals." Commercial Capital Corp. v. S. E. C., 360 F.2d 856, 858 (7 Cir. 1966).[2] To the extent that a privilege exists, it is the agency's, not the witness'. The agency is free to withdraw the veil of secrecy, and once the witness has been allowed to obtain the transcript of his testimony, it is no more privileged or confidential in his hands—absent any restriction placed by the agency on disclosure of its contents—than any other record of a previous statement would be.[3] We know of no holding that when a grand jury witness has been given a transcript of what he said in secrecy before that body, any privilege attaches to it in his hands.

■■ Although petitioner has much to say of the Congressional overruling,

---

1. This has recently been amended to give the witness an absolute right to a transcript of his testimony, 35 F.R. 18194 (1970).

2. The *Commercial Capital* case arose under § 6(b) of the APA, prior to enactment of the Information Act of 1966.

3. We thus have no occasion to consider to what extent the rather murky "except"

clause of § 552(b) (7) might entitle a party in civil litigation against a witness to obtain a copy of the agency's own transcript. See Attorney General's Memorandum on the Public Information Section of the Administrative Procedure Act 37–38 (1967) ; Davis, The Information Act: A Preliminary Analysis, 34 U.Chi.L.Rev. 761, 799–800 (1967).

76 Stat. 922 (1962), of St. Regis Paper Co. v. United States, 368 U.S. 208, 215–220, 82 S.Ct. 289, 7 L.Ed.2d 240 (1961), with respect to the duty to produce retained copies of reports made to the Census Bureau, see 13 U.S.C. § 9(a), this is beside the point. While non-compliance with census inquiries is subject to penalties, 13 U.S.C. §§ 221–225, effective operation of the census requires a maximum of voluntary cooperation. In order to promote this, assurances of confidentiality, to be sure rather ambiguous, had been given, and both the Census Bureau and the Solicitor General took the position before the Supreme Court that retained copies were not subject to compulsory production, 368 U.S. at 217, 82 S.Ct. 289. In overruling the Court's decision to the contrary, Congress simply made a determination that the purpose of encouraging ready response to census inquiries would be better served by extending the privilege of confidentiality to the retained copies. Here LaMorte was testifying pursuant to subpoena, and whatever confidentiality was conferred on what he said was not to encourage answers he was required to make under penalty of contempt, 15 U.S. C. §§ 77v(b), 78u(c), but for the benefit of the SEC in pursuing its investigation and taking appropriate action as a result of what he and others revealed. Once the Commission decided that such secrecy was no longer required for attaining its objectives and released the transcript to LaMorte without any restriction on his disclosure of its contents, any protective cloak disappeared. If the agency had determined that the public interest required the continued nondisclosure of such information, it might have limited LaMorte to an inspection of his transcript or enjoined disclosure of its contents to third persons but then we would have had a different case.

■ The claims that the testimony taken by the SEC constituted the "work-product" of LaMorte's attorney in the agency investigation within the rule of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 45 (1947), and that

the transcripts came within the attorney-client privilege because they were obtained from the SEC by that attorney and were later transmitted to LaMorte's present counsel, cf. 8 Wigmore, Evidence § 2307, pp. 592–93 (McNaughton rev. 1961), are so patently without merit as not to warrant discussion. We likewise need not consider whether even if LaMorte's legal contentions were made out, mandamus would be an appropriate remedy.

The petition is denied.