Frank FRANKEL et al., Plaintiffs,

v.

SECURITIES AND EXCHANGE COM-
MISSION et al., Defendants.

No. 71 Civ. 2369.

United States District Court,
S. D. New York.

Oct. 20, 1971.

Kaplan, Kilsheimer & Foley, New York
City, for plaintiffs; Dermot G. Foley,
Robert N. Kaplan, New York City, of
counsel.

Richard E. Nathan, Special Counsel,
Securities and Exchange Commission,
by Michael A. Macchiaroli, Washington,
D. C.

Kevin Thomas Duffy, Regional Admin-
istrator, Securities and Exchange Com-
mission, New York City, for defendants.

MEMORANDUM

LASKER, District Judge.

This suit grows out of plaintiffs' ef-
forts to secure documents and records in
the possession of the Securities and Ex-
change Commission ("SEC") for use by
plaintiffs in a pending civil action
against Occidental Petroleum Corpora-
tion and its officers. The papers are in
the custody of the SEC as a result of an
investigation of Occidental made by it
which had been settled by a consent
decree enjoining violations of § 10(b)

of the Securities Exchange Act and Rule 10b–5 thereunder.[1]

Plaintiffs seek, under provisions of the Freedom of Information Act, 5 U.S.C. § 552, to compel the SEC to disclose to them the information secured in the SEC investigation of Occidental.[2] The SEC opposes on the ground that the material is exempt from disclosure under three statutory exemptions discussed below.

Two motions are before the court: Plaintiffs move for an injunction under the Act compelling defendants to disclose.[3] Defendants move for summary judgment on the ground that under the seventh exemption of 5 U.S.C. § 552(b) they are entitled to judgment as a matter of law. For the reasons set forth below, the motion for summary judgment is denied and decision on the motion for an injunction is deferred pending examination by a special master of the material in the SEC's files to determine whether or not any documents fall within the exemptions of § 552(b) (4) or (5).

## SUMMARY JUDGMENT AND THE EXEMPTION UNDER § 552(b) (7)

Section 552(a) requires government agencies to disclose upon request broad categories of information in their files. Section 552(b) lists nine exemptions from the obligation to disclose.

Section 552(b) (7) reads as follows:

"This section does not apply to matters that are—

" . . . (7) investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency."

---

1. Securities and Exchange Commission v. Occidental Petroleum Corp., et al., 71 Civ. 982 (S.D.N.Y. March 5, 1971).

2. On March 22, 1971, plaintiffs' counsel requested, by letter and on SEC form 86 (7–67), that the SEC furnish all "letters, telegrams, reports, studies, memoranda, notes, lists, tabulations, press releases, summaries, analyses and other writings, including drafts," constituting material which "supports, explains and/or discusses" all violations of 15 U.S.C. § 77j(b) "during the period January 1, 1966 to March 4, 1971 referred to or alleged in the complaint filed by the Securities and Exchange Commission on March 4, 1971, in the United States District Court, Southern District of New York [Index Number 71 Civ. 982], against Occidental Petroleum Corporation and Armand Hammer," and to furnish all SEC staff discussions of "any facts which support the allegations in the SEC complaint."

Although plaintiffs' request for SEC records is broad, the SEC's objections to it clearly indicate that the SEC knows the records being sought. "[T]his is all that the identifiability requirement contemplates. The fact that to find the material would be a difficult or time-consuming task is of no importance in making this determination; an agency may make such charges for this work as permitted by the statute. Wellford v. Hardin, 315 F.Supp. 175, 177 (D.Md.1970), aff'd 444 F.2d 21 (4th Cir., 1971).

3. Plaintiffs brought their motion on by Order to Show Cause filed June 1, 1971, "pursuant to 28 U.S.C. 1361." Clause One of the complaint recites: "This action is brought under Title 28 U.S.C. Section 1361, Title 5 U.S.C. Section 552, 17 C.F.R. 200.80, and the general equity powers of this court." 5 U.S.C. § 552 (a) (3) provides, inter alia, that this court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." This authority to grant injunctions is sufficient for the relief sought here. No duty arises under the Freedom of Information Act, when the agency involved has invoked an exemption clause under § 552(b), until the district court has reviewed the request for information *de novo*. Similarly, it has been held that Congress, by explicitly limiting the scope for judicial discretion in providing for injunctive relief when records are "improperly withheld," intended to curb the general equity powers of the court cited in plaintiffs' complaint. As was stated in Soucie v. David, 448 F. 2d 1067 (D.C.Cir. 1971), "Congress clearly has the power to eliminate ordinary discretionary barriers to injunctive relief, and we believe that Congress intended to do so here." Accordingly, plaintiffs' motion is treated here as one for injunctive relief pursuant to 5 U.S.C. § 552; so much of the application as relies upon 28 U.S.C. § 1361 or general equity powers is superfluous.

The SEC contends that this provision exempts investigatory files "as a class" (including the Occidental documents) from the requirements of the Freedom of Information Act. The Commission also urges that the "except" clause (within the exemption) must, in the light of its legislative history, be read narrowly to apply only to parties whom a given agency is investigating, and not an outside party such as the plaintiffs here. Defendants admit that if this court finds that § 552(b) (7) does not provide the blanket exemption urged, then their motion for summary judgment must be denied.

Plaintiffs contend that neither the plain meaning of the exemption's language nor its legislative history supports the SEC position. Further, they argue that, since the investigation was terminated in a consent decree on March 5, 1971, and the SEC has failed to establish that any further investigation will occur, the Commission has not met the burden of demonstrating that exemption (7) is now applicable.

The courts have divided on the question whether § 552(b) (7) provides a blanket exemption for all investigatory files. Cowles Communications v. Department of Justice, 325 F.Supp. 726 (N.D.Cal.D.C. 1971), held that investigatory files "need not be produced whether [enforcement] proceedings be contemplated or not." However, where, as here, the investigation by the agency has been completed, the exemption of § 552(b) (7) has been held not to apply.[4] As the court remarked in Bristol-Myers Co. v. Federal Trade Commission, 138 U.S.App.D.C. 22, 424 F. 2d 935, 939 (D.C.Cir.1970), "the agency cannot, consistent with the broad disclosure mandate of the Act, protect all its files with the label 'investigatory' . . . the District Court must determine whether the prospect of enforcement proceedings is concrete enough to bring into operation the exemption for investigatory files, and if so whether the particular documents sought by the complaint are nevertheless discoverable."[5]

As in Cooney v. Sun Shipping & Drydock Co., 288 F.Supp. 708, 711 (E.D. Pa.1968), the question is presented "whether files once classified 'investigatory files' may forever after retain that characterization so as to be immune from

4. Even if we were to accept the holding of Cowles Communications v. Department of Justice, *supra* in text, defendants would not be entitled to summary judgment at this juncture since the file sought has not been submitted or offered to the court for review in connection with this motion. In *Cowles*, the court declared that, despite the blanket protection of § 552(b) (7), "[t]here remains . . . the question of whether a given file is an investigatory file compiled for law enforcement purposes . . . the Government should not be allowed to file an affidavit stating that conclusion and by so doing foreclose any other determination of the fact." Furthermore, there would remain an issue of fact as to whether the government's investigation for law enforcement purposes has concluded or whether action by the Attorney General was likely or probable.

5. The SEC's contention that if the "except" clause of § 552(b) (7) applies at all, it must be limited to the actual party being investigated by the agency, is without merit. As was stated in Wellford v. Hardin, (4th Circuit), *supra* note 2,

"We agree with the district court that the legislative history of this exemption reveals that its purpose was to prevent premature discovery by a defendant in an enforcement proceeding. The reports of the House Government Operations Committee and the Senate Judiciary Committee define the purpose of the exemption as the protection of the government's case in court. [Here] . . . the request for records does not come from a party facing an enforcement proceeding to which the investigative material is germane."

The clause is specific and when. viewed in the context of the right of "any person" under § 552(a) to obtain information ought not be narrowly construed. Any person may obtain material from investigatory files to the extent that the rules of discovery would make them available. See Davis, The Information Act: A Preliminary Analysis," 34 U.Chi.L. Rev. 761, 799–800 (1966); Attorney-General's Memorandum on the Public Information Section of the Administrative Procedure Act, at 38 (1967).

disclosure under the statute." Here the SEC's investigation has concluded. It is true that the possibility remains that under 15 U.S.C. § 78u(e) the SEC could "transmit" the file to the Attorney General who "may, in his discretion, institute the necessary criminal proceedings." However, the SEC has expressed no intention of transmitting the file, nearly one-half year has passed since the consent decree was entered, and absent some affirmative act by the agency to maintain the file as a legitimate one "compiled for law enforcement purposes" the Commission has not demonstrated for purposes of summary judgment, that the files any longer enjoy exemption under § 552(b) (7).

This construction of the "investigatory files" exemption finds support in the language of § 552, which explicitly provides (§ 552(c)) that "[t]his section does not authorize withholding of information or limit the availability of records to the public, except as specifically stated in this section." It protects adequately the government's interest in maintaining its files undisclosed for so long as it is actually or reasonably likely to be involved in an investigation for law enforcement purposes, and at the same time carries out the policy of the Act "to increase significantly the public availability of agency records." LaMorte v. Mansfield, 438 F.2d 448, 451 (2d Cir. 1971).

## THE (b) (3), (4) and (5) EXEMPTIONS

Having concluded that defendants cannot rely upon § 552(b) (7), it remains to be determined whether or not any of the files sought are exempt under § 552(b) (3), (4) or (5).

■ Section 552(b) (4) exempts from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential"; section 552(b) (5) exempts "interagency or intra-agency memorandums or letters which would not be available by

law to a party other than an agency in litigation with the agency." As the record stands, it is impossible to determine whether and to what extent the files contain material covered by either the exemptions of (b) (4) or (5). Certainly it is reasonable to assume, however, that the files contain some information which may fall within the various categories enumerated in (b) (4), and the provisions of (b) (5) may apply to some extent as well. Such a determination must be made *in camera* in the first instance.

Section 552(a) (3) of the Act requires the court to expedite the determination of such questions. Since the files sought here are voluminous, containing 25 individual transcripts numbering 2100 pages and some 5000 pages of other documents,[6] and since important criminal cases are on the court's docket which must be disposed of forthwith, the matter will be referred, pursuant to 28 U.S.C. § 636 and General Rule 35 of this Court, to the Magistrates of the Southern District of New York, to hold a hearing sitting as special master, at the earliest practicable date, for review of the material in the Commission's files and a report to this court as to whether and to what extent any of the material contained in such files falls within the exemptions of § 552 (b) (4) and (5).

■ There remains for discussion the Commission's claim that the "(b) (3)" exemption applies. That clause provides that disclosure need not be made as to materials "specifically exempted from disclosure by statute." The Commission claims that, since 18 U.S.C. § 1905 provides inter alia that an officer of the United States is liable criminally if he discloses investigatory material where "not authorized by law," the material here sought is exempt under § 552(b) (3).

But this circular reasoning adds nothing to the defendants' armory. 18 U.S.C. § 1905 does not establish an exemption from the Freedom of Informa-

6. See Affidavit of John G. Carleton, sworn to June 7, 1971.

tion Act, but merely penalizes a disclosure of non-exempt material. We must still determine whether the material here sought is or is not exempt.

## CONCLUSION

Defendants' motion for summary judgment is denied. A decision on plaintiffs' motion for an injunction is deferred pending the receipt of the report of the special master and the court's action thereon.

Submit order, including provisions for reference to the special master.