In the Matter of **FOUR SEASONS SECURITIES LAWS LITIGATION.**
**M.D.L. Docket No. 55.**

United States District Court,
W. D. Oklahoma.
March 15, 1972.

See also, Jud.Pan.Mult.Lit. 331 F. Supp. 559.

Marvin Cherner and J. Vernon Patrick, Jr., and Berkowitz, Lefkovits & Patrick, Birmingham, Ala., for plaintiffs Sher and others.

William G. Paul and Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., for defendant Arthur Andersen & Co.

James W. Shepherd and Foliart, Shepherd, Mills & Niemeyer, Oklahoma City, Okl., for defendant John C. Andrews.

Lester A. Klause and Hines, Klaus & Wilsey, Oklahoma City, Okl., for defendant Tom J. Gray.

Arthur F. Mathews, Michael R. Klein, Robert B. McCaw and Wilmer, Cutler & Pickering, Washington, D. C., for defendant Jack L. Clark.

Michael H. Rauch and Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendant Gordon H. McCollum.

Thomas W. Kelly, Richard W. Lyon and Breed, Abbott & Morgan, New York City, for defendants Walston & Co., Inc., Montgomery Co. and Glenn R. Miller.

G. Bradford Cook, Gen. Counsel, SEC, Washington, D.C., for the Commission, as amicus curiae.

## OPINION NO. 1

### SEC Transcripts, Exhibits and Documents

THOMSEN, District Judge *

During the first wave of document discovery herein plaintiffs Sher et al. requested many of the defendants to produce: (1) copies of the transcripts of testimony which the respective defendants, their partners or employees, gave to the Securities and Exchange Commission (SEC) or any of its hearing examiners at any time after January 1, 1967, in the course of a private investigation conducted by the SEC of or related to Four Seasons Nursing Centers of America, Inc., and its subsidiary or related corporations; (2) copies of documents marked and identified as exhibits to such testimony; and (3) other documents given to the SEC, or any of its investigators or hearing officers, by the defendants.

Objections to that request were raised by several defendants, who argue that the materials requested were not discoverable because they were furnished "in confidential nonpublic hearings", and in one or more instances because "such documents are not in the possession, custody and control of the defendant". Sher thereupon moved for an order under Rule 37(a), F.R.Civ.P., as permitted by Rule 34(b).

The problems involved were discussed by counsel for the respective parties at the second pretrial conference herein.[1]

---

\* Of the District of Maryland, sitting by designation.

1. The questions discussed were: (1) whether transcripts of testimony and exhibits offered in a nonpublic SEC investigative hearing may be obtained directly from the SEC by subpoena; (2) whether a party to a civil action who has testified in a nonpublic SEC investigative proceeding may be compelled to produce a transcript of his SEC testimony when the transcript is already in his possession and control when production is sought, see LaMorte v. Mansfield, 438 F.2d 448 (2 Cir. 1971); (3) whether the *LaMorte* rule unduly burdens counsel for a party who has testi-

It was decided that the court should invite the SEC, as amicus curiae, to advise the court of its position with respect to the proposed discovery.[2]

In response to the court's request, the SEC, as amicus curiae, submitted to the court a memorandum signed by G. Bradford Cook, its General Counsel, advising the court generally "of its position as to responding to a subpoena duces tecum for the production of transcripts of testimony taken in a private investigation conducted by the Commission and, specifically, of the Commission's position with respect to the proposed discovery by plaintiffs Sher, et al., from defendants in these actions of (1) copies of the transcripts of testimony which the defendants or their officers gave in the course of the investigation; (2) copies of documents marked and identified as

exhibits to such testimony; and (3) other documents given to the Commission by the defendants." The memorandum stated:

"The Commission is specifically authorized to make such investigations as it deems appropriate in its discretion to determine if any person has violated the various laws for the enforcement of which it has primary responsibility.[*1] Any investigation might lead to referral by the Commission of its investigatory file to the Department of Justice with a recommendation for criminal prosecution. In such investigations, the Commission has been deemed to act as a grand jury.[*2] Like a grand jury, it is the Commission's general policy to conduct its investigations on a confidential basis.[*3] Accordingly, in order

---

fied before the SEC by forcing him to choose between (a) adequately representing his client before the SEC and (b) protecting his client's interest in existing or potential civil litigation; and (4) whether a party to a civil action who has testified in a nonpublic SEC investigative proceeding may be compelled to obtain copies of his SEC transcript and exhibits thereto, even though the transcript is not in his possession when production is sought.

2. Copies of the proposed order and of memoranda submitted by counsel for Sher et al. and by counsel for several defendants were sent to the SEC.

*1. "Section 20(a) of the Securities Act of 1933, 15 U.S.C. 77t(a); Section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(a); Section 18(a) of the Public Utility Holding Company Act, 15 U.S.C. 79r(a); Section 321(a) of the Trust Indenture Act, 15 U.S.C. 77uuu(a); Section 209(a) of the Investment Advisers Act, 15 U.S.C. 80b–9(a); Section 42(a) of the Investment Company Act, 15 U.S.C. 80a–41(a)."

*2. "See In re Securities and Exchange Commission, 84 F.2d 316, 318 (C.A.2), reversed and remanded as moot sub nom. Bracken v. United States [Securities and Exchange Commission], 299 U.S. 504 [57 S.Ct. 18, 81 L.Ed. 374] (1936); Woolley v. United States, 97 F.2d 258

(C.A.9), certiorari denied, 305 U.S. 614 [59 S.Ct. 73, 83 L.Ed. 391] (1938); Securities and Exchange Commission v. First Security Bank, 447 F.2d 166, 168 (C.A.10, 1971), certiorari denied sub nom. Nemelka v. Securities and Exchange Commission [404 U.S. 1038, 92 S.Ct. 710, 30 L.Ed.2d 729], 40 U.S.L. Wk. 3335."

*3. " 'Such a policy is necessary to effective law enforcement and to protect persons against whom unfounded or unconfirmed charges might be made. The Commission investigates many complaints where no violation is ultimately found to have occurred. To conduct such investigations publicly would ordinarily result in hardship or embarrassment to many interested persons and might affect the market for the securities involved, resulting in injury to investors with no countervailing public benefits. Moreover, members of the public would tend to be reluctant to furnish information concerning violations if they thought their personal affairs would be made public. Accordingly, the Commission does not generally divulge the existence or findings of a nonpublic investigation unless they are made a matter of public record in proceedings brought before the Commission or in the courts.' Securities and Exchange Commission, 36th Annual Report, p. 95."

to protect the contents of its investigatory file and the identity of its informers, the Commission might resist subpoenas for records in a pending investigation, particularly when deemed important that the matters not be publicly disclosed in advance of a possible criminal proceeding. The right of an agency to resist disclosure of its files compiled for law enforcement purposes has been recognized as a valid objection to a subpoena.[*4]

"For the foregoing reasons, this Commission, prior to November 1970, even reserved the right not to supply persons with transcripts of the testimony they had given in Commission investigations.[*5] In that month, however, the Commission, in accordance with a recommendation that had been made by the Administrative Conference,[*6] amended Rule 6 of its Rules Relating to Investigations, 17 CFR 203.6, so that it now provides:

" 'A person submitting documentary evidence or testimony in a formal investigative proceeding shall be entitled to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees.'

"Under Rule 6, as it is presently worded, the Commission does not purport to place any limitation upon the use of a transcript in the possession of the witness who gave testimony. Accordingly, the Commission does not object to the disclosure by a witness of a transcript of his testimony, when discovery is sought in civil litigation, irrespective of whether the witness may have obtained the transcript or is directed to do so by court order at the instance of a party to that litigation.[*7] Similarly, the Commission does not object to the disclosure by defendants of documents furnished by them during the course of the Com-

---

**\*4.** "See generally VIII Wigmore, Evidence (McNaughton Ed., 1961), § 2378 pp. 805–808 and Clark v. Pearson, 238 F.Supp. 495 (D.D.C.1965). *Cf.* Machin v. Zuchert [Zuckert] [114 U.S.App.D.C. 335] 316 F.2d 336, 339 (C.A.D.C., 1963), and Cooney v. Sun Shipbuilding & Drydock Co., 288 F.Supp. 708, 712 (E.D. Pa., 1968). See also Jencks Act, 18 U.S.C. 3500. These records are exempt from disclosure under the Freedom of Information Act, 5 U.S.C. 552, as 'matters that are . . . investigatory files compiled for law enforcement purposes . . . .' 5 U.S.C. 552(b) (7). See also Rules 509 and 510 of the Proposed Federal Rules of Evidence."

**\*5.** "The Administrative Procedure Act explicitly permits such discretion. 5 U.S.C. 555(c). The court in Commercial Capital Corp. v. Securities and Exchange Commission, 360 F.2d 856 (C.A. 7, 1966), held that a person seeking his transcript is not deprived of due process if the Commission denies his request for 'good cause' without further giving reasons for the denial.

"In LaMorte v. Mansfield, 438 F.2d 448 (C.A.2, 1971), the court, construing Rule 6 as it read prior to the 1970 amendment, held that a transcript in the possession of a person who had testified in a Commission nonpublic investigation was subject to discovery, at least 'absent any restriction placed by the agency on disclosure of its contents.' 438 F.2d at 451. The court was careful not to limit the discretion of the Commission. It stated:

" 'If the agency had determined that the public interest required the continued nondisclosure of such information, it might have limited LaMorte to an inspection of his transcript or enjoined disclosure of its contents to third persons but then we would have had a different case.' 438 F.2d at 452. "*Accord*, White v. Jaegerman, 51 F.R. D. 161 (S.D.N.Y., 1970)."

**\*6.** "Final Report of the Administrative Conference of the United States, December 15, 1962, Recommendation No. 24."

**\*7.** "While the amendment to Rule 6 is not retroactive, in this case the Commission will not deny to any person who testified in the investigation the transcript of his own testimony, even if given before the amendment.

mission's investigation, irrespective of whether such documents are exhibits to testimony.[*8]

"The Commission believes that, when discovery is sought in civil litigation of transcripts of testimony given or documents submitted in a Commission investigation, the person who gave the testimony or supplied the document should be heard by the court if he opposes such discovery and that, in the event his objections are overruled, the person, if he does not then have the transcript or document sought, should apply for and obtain the transcript or document from the Commission pursuant to the court's order. This procedure would afford a witness in a Commission investigation an opportunity to have the court hear any objections he may have, including those based on lack of relevancy or privilege (other than privilege on behalf of the Commission) under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Should a subpoena be issued to the Commission for transcripts or documents which, if requested by the witness, would be obtainable under Rule 6, the Commission may resist compliance with such subpoena until the witness has had an opportunity to bring to the court's attention for ruling whatever objections he may have.

"While the application of the Commission's Rule 6 necessarily opens the door to portions of the Commission's investigatory file, the Commission may still preserve the confidentiality of the list of names of witnesses who may have testified or furnished documents in the investigation. Moreover, a witness under Rule 6 is not necessarily entitled to receive copies of documents that he did not supply, even if such documents are marked and identified as exhibits to the witness' testimony."

After considering the memorandum submitted by the SEC, the authorities cited in the footnotes thereto, the memoranda filed by several counsel herein and the authorities cited by them, the court concludes that the positions taken by the SEC, as amicus curiae, are sound.

The court will therefore enter appropriate orders, giving effect to those views, with the right in any of the defendants to request appropriate protective orders with respect to individual items.[3] The objections heretofore filed by the several defendants to the discovery requested, including claims of privilege, are hereby overruled.

---

"Should it appear, however, that the litigation is collusive, contrived or sham, designed for the purpose of obtaining discovery of the Commission's investigatory file rather than for a legitimate purpose, or the process of the court is being abused with a view toward the obstruction of justice, the Commission might resist any disclosure. There is nothing that has been brought to our attention to suggest that the instant lawsuits have been brought for other than legitimate purposes."

[*8] "The Administrative Procedure Act provides that a person 'compelled to submit data or evidence is entitled to . . . procure a copy or transcript thereof. . . .' 5 U.S.C. 555(c)."

3. Plaintiffs Sher et al. have agreed to bear the necessary costs of obtaining reproductions of the exhibits and other documents obtained from the SEC, and to make secondary copies of those documents available to other defendants at cost.