**CANADIAN IMPERIAL BANK OF COMMERCE, Plaintiff,**

v.

**BOARDWALK REGENCY CORPORATION and Desert Palace, Inc., Defendants.**

**Civ. No. 84–1606.**

United States District Court, D. New Jersey.

Jan. 7, 1986.

Maurice Y. Cole (on brief), Cole and Cole, P.C., Atlantic City, N.J., and Joseph A. Kilbourn (on brief), Thomas R. Pattison, Bigham, Englar, Jones & Houston, New York City, for plaintiff.

J. Michael Nolan, Jr. (on brief), Patricia A. Pickrel, Pitney, Hardin, Kipp & Szuch, Morristown, N.J., and Samuel Kadet, Skadden, Arps, Slate, Meagher & Flom, New York City, for defendants.

Brian J. Malloy, Wilentz, Goldman & Spitzer, Woodbridge, N.J., for intervenors Hessell and Ebert.

Joseph P. LaSala, Robinson, Wayne, Levin, Riccio & LaSala, Newark, N.J., for intervenor Neustadter.

Anthony R. Mautone, West Orange, N.J., for intervenors Boynton, Lodovico, Campellone, Connors, Bertsch, Lenz and Malley.

William C. Cagney, Markey, Dailey & Cagney, Hackensack, N.J., for intervenor Woolf.

COHEN, Senior District Judge.

This negligence action is before the Court on a motion by the plaintiff, Canadian Imperial Bank of Commerce ("CIBC") for an order reversing, in part, an order by Magistrate Jerome B. Simandle filed September 13, 1985. The disputed portion of that order denied plaintiff's motion to compel production of sworn statements made by several present and former employees of defendant, Boardwalk Regency Corpora-

tion ("BRC"), to the New Jersey Department of Gaming Enforcement ("DGE").

In this diversity action, plaintiff alleges that defendants BRC, a casino in Atlantic City, New Jersey, and Desert Palace, Inc., a casino in Las Vegas, Nevada [1], negligently permitted Brian Molony, an employee (now ex-employee) of the plaintiff, to gamble and lose approximately $8,000,000.00 of the plaintiff's funds in the defendants' casinos. Molony was convicted of crimes related to his embezzlement of the plaintiff's funds, and is presently serving a prison sentence in Canada.

The embezzlement was uncovered in April 1982, and the DGE subsequently conducted an administrative investigation into alleged violations of the New Jersey Casino Control Act. During this investigation, sworn statements were taken from eleven witnesses who were or are presently employed by the defendants herein. In August 1984, the DGE commenced an administrative disciplinary proceeding before the Casino Control Commission ("Commission") against BRC and nine individual respondents for purported violations of the Commission's internal control regulations. Each of the individuals is among the persons who previously gave sworn statements. Thereafter, on September 4, 1984, the DGE prepared a report to the Commission regarding BRC's pending application for license renewal. This report dealt, in part, with the Molony affair and is said to draw upon the sworn statements discussed earlier.

On January 18, 1985, plaintiff filed the present motion to compel defendants to produce copies of the sworn statements and the license renewal report. The eleven employee-witnesses who gave the sworn statements sought to intervene for the purpose of opposing production of their statements and the DGE report. On March 1, 1985, the motions to intervene were granted for this limited purpose.

After hearing argument and accepting written submissions on the motion, Magis-

1. Desert Palace, Inc. is allegedly controlled by the same interests as BRC.

trate Simandle ruled on September 13, 1985, that the statements were not then discoverable by plaintiff.[2] He ordered disclosure, however, of the DGE license renewal report, pending an *in camera* inspection for the purpose of redacting all irrelevant information and any actual quotations from the non-discoverable witness statements.

The Magistrate's lengthy written opinion clearly expresses his reasons for finding the statements non-discoverable. The only issue on this appeal is whether his findings are "clearly erroneous" or "contrary to law." Fed.R.Civ.P. 72(a); Local Rule 40.-D.4. For the reasons which follow, we shall affirm the Magistrate's legal rulings, but remand the matter to him for reconsideration in light of the recent factual developments in this case.

Plaintiff's attack on the Magistrate's decision has three fronts. First, plaintiff urges that the Magistrate erred in holding that the confidentiality provisions of the New Jersey Casino Control Act ("the Act"), N.J.S.A. 5:12-1 *et seq.*, protect the statements at issue. Second, plaintiff argues that the Magistrate's finding that it had not yet met the requisite showing of need to compel production of the statements is clearly erroneous. Finally, plaintiff advances a number of arguments concerning recent factual developments or discoveries which it alleges would affect the Magistrate's earlier ruling. We shall consider each of these points of attack in turn.

*Statutory protections*

■ Magistrate Simandle held that the Casino Control Act affords protection to the statements at issue herein. The Act, at § 74(d), N.J.S.A. 5:12-74(d), states, in relevant part:

> ... all information and data required by the commission to be furnished hereunder, or which may otherwise be obtained, relative to the internal controls specified in section 99a [Section 99a of the Act, N.J.S.A. 5:12-99a, includes essentially all elements of a casino's internal control

procedures and administrative and accounting controls] of this act or to the earnings or revenue of any applicant, registrant or licensee shall be considered to be confidential and shall not be revealed in whole or in part except in the course of the necessary administration of this act, or upon the lawful order of a court of competent jurisdiction, or with the approval of the Attorney General, to a duly authorized law enforcement agency.

The Magistrate applied this provision to the facts in the instant case, ruling that the disputed statements are "confidential." He held that the statements were "information and data required by the commission to be furnished," since each witness was, as a licensee under the Act, under a duty to cooperate with the DGE. This duty is imposed by N.J.S.A. 5:12-80(d), which establishes a broad obligation of licensees to provide information to the DGE or Casino Control Commission, upon threat of losing their gaming licenses. Further, the Magistrate found that the information contained in the statements was "relative to internal controls" within the meaning of the Act. *See* slip op. at 6.

The Magistrate then addressed plaintiff's argument, which has been renewed with vigor on this appeal, that § 74(d) is inapplicable because plaintiff seeks production of the statements from counsel for defendant BRC rather than from the Commission or the DGE. He found the argument unpersuasive, and we agree. Copies of the witnesses' statements were given to their attorneys pursuant to administrative regulation. N.J.A.C. 19:40-3.8(a)(4) states that

> (a) Confidential information within the possession of the Commission or Division shall not be released or disclosed in whole or in part to any person, except:
>
> . . . . .
>
> 4. Upon presentation of proper identification, to the applicant, registrant or li-

---

**2.** Judge Simandle's opinion clearly indicates that upon a showing that circumstances had changed, plaintiff might successfully repeat its request.

censee who furnished the confidential information to the Commission or Division;

. . . . .

This regulation, adopted subsequent to the New Jersey Supreme Court's direction in *In Re Martin*, 90 N.J. 295, 325, 447 A.2d 1290 (1982), that the Commission promulgate regulations designed to provide safeguards for privacy under the Act, makes clear, especially when read together with the language of § 74(d) which mandates confidentiality, that release of such information is not within the Commission's discretion. *Cf. LaMorte v. Mansfield*, 438 F.2d 448, 451 (2d Cir.1971) (where the relevant statute grants discretion to the agency to release information to a witness, unqualified release of such information completely withdraws any privilege attending such information in the hands of the witness). We concur with the Magistrate's belief that if release of a copy of a witness' statement to the witness himself and/or his counsel were interpreted as a complete destruction of the confidential nature of the information, the thorough and accurate dissemination of such information to the Commission would be "chilled," *see* slip op. at 10, thus imperilling the effectiveness of the DGE's work. In the absence of any provision in the Act or regulations suggesting that release of a copy of a witness' statement to him abrogates the confidential nature of such a statement, we hold that the material released to the witness remains protected.

Assuming, *arguendo,* that a witness who receives such protected information can waive the protection by disseminating the information himself, *cf.,* N.J.S.A. 2A:84A–29 (statutory evidentiary privileges waived upon voluntary disclosure of privileged matter), the question is raised whether such a waiver took place in the present case. Plaintiff urges that any privilege associated with the disputed statements has been waived by virtue of the fact that the statements were given to the law firm representing the defendant BRC. What this argument ignores, however, is that the statements were provided to the firm while that firm represented both BRC and the individuals whose statements are at issue. The Magistrate specifically ruled that the confidentiality of the statements had not been compromised by release to the firm so long as the statements had not been given to BRC or its general counsel. Slip op. at 11. He accepted the representations made to him by BRC's counsel that BRC had not had access to the disputed statements. *Id.* We are unable to find fault with the Magistrate's acceptance of such representations, and therefore we affirm the Magistrate's ruling regarding the application of § 74(d) to this case.

*Requisite Showing of Need*

■ The second ground on which plaintiff seeks a reversal of the Magistrate's order is his finding that plaintiff had not met the requisite showing of necessity to obtain the documents. All parties agree that the standard applied by the Magistrate to determine whether the documents should be disclosed was the correct one. *See* Plaintiff's reply brief at 7; Defendants' brief at 13. This standard, set forth in *McClain v. College Hospital*, 99 N.J. 346, 351, 492 A.2d 991 (1985), is

[A] showing of particularized need that outweighs the public interest in confidentiality of the investigative proceedings, taking into account (1) the extent to which the information may be available from other sources, (2) the degree of harm that the litigant will suffer from its unavailability, and (3) the possible prejudice to the agency's investigation.

After discussing the facts relevant to each of the three *McClain* factors, the Magistrate held that the plaintiff's "particularized need," as it had been demonstrated at that time, did not outweigh the public interest in retaining the confidentiality of the statements. In particular, he found that although the third factor, possible prejudice to the agency, did not strongly favor either disclosure or non-disclosure, *see* slip op. at 23, the first (availability of information from other sources) and second (degree of harm to party seeking disclosure) factors did not favor disclosure.

With respect to the first *McClain* element, he found that the information contained in the statements was substantially available from other sources. *Id.* at 17. Based upon the record existing at that time, we find this conclusion eminently reasonable. The identities and whereabouts of the witnesses are known, and plaintiff can presumably obtain the equivalent substantive content of the prior statements through deposition.

With respect to the second *McClain* factor, the Magistrate ruled that plaintiff would not be deprived of a fair opportunity to prepare for trial without the statements. Slip op. at 19. He noted that the greatest potential for unfairness lay in the possibility of inconsistent testimony which could not be impeached by the disputed statements. *Id.* at 20. The Magistrate evidently found that this risk of inconsistency was not substantial enough to render the second factor a heavy one in favor of disclosure. We hold that this decision was not clearly erroneous in light of the record that existed at that time. We therefore affirm the Magistrate's ruling with respect to his application of the *McClain* test, and specifically uphold his balancing of the factors.

*Factual developments*

Plaintiff's third thrust at the Magistrate's decision is its allegations that factual developments in this case and in the related enforcement action warrant a different result. To the extent that such developments have occurred, we believe that plaintiff should accept the invitation implicit in the Magistrate's "without prejudice" denial of its motion and should submit whatever evidence and arguments it has regarding the impact of such evidence to the Magistrate. Because the record before this Court is replete with such arguments and because we agree with plaintiff that some of the factual developments may have substantial impact upon the *McClain* balancing process, we shall remand this matter to the Magistrate. The pendency of a DGE enforcement action was mentioned by the Magistrate as a significant element in his considerations of the first and second factors called for by *McClain, see* slip op.

at 18 & 20, and this action has recently been settled. In addition, reconsideration with respect to the second *McClain* factor, degree of harm to be suffered by the party seeking discovery, seems warranted to the extent that plaintiff's assertions that BRC itself has obtained the statements, *see* plaintiff's brief at 11 & 19–20, are supported by fact. *See* slip op. at 18.

By our remand we do not mean to suggest an opinion regarding the ultimate outcome of the discovery motion, but only intend to provide full and prompt opportunity for the Magistrate to consider any new evidence presented. Toward this end, the parties are instructed that any additional papers are to be submitted to the Magistrate within ten days of the date of this opinion, unless a later date is specified by the Magistrate. The Court shall enter an appropriate order.