## STATE OF MARYLAND, to Use of PETERS et al. v. BALTIMORE & O. R. CO.

### No. 6277.

District Court, E. D. Pennsylvania.

Dec. 19, 1947.

Haberstroh & Haberstroh, of Altoona, Pa., and Richter, Lord & Farage, of Philadelphia, Pa., for plaintiff.

Howard Burtt, of Guckes, Shrader & Burtt, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The plaintiffs are the widow and children of one Oscar G. Peters, who was killed at a grade crossing by one of the defendant's trains, and the action is for damages for negligently causing his death.

Now before the Court are the plaintiffs' objections to interrogatories filed by the defendant under Federal Rules of Civil Procedure, Rule 26, 28 U.S.C.A. following section 723c, and directed to the plaintiffs' attorney.

The first interrogatory asks for "the facts which form the basis for" various allegations of negligence in the complaint,

for example, the allegation, "that defendant's train failed to maintain proper safety equipment in working order." The second asks at what rate of speed plaintiff claims the train was proceeding. The third, asks whether Peters was alone at the time of the accident and if not, who was with him and who was driving his car. The fourth asks for names of witnesses and for copies of any written statements given by any of them.

In Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, the Supreme Court, having ruled that if a party wishes to obtain information as to the facts of the case and statements of witnesses from the opposing party's attorney, the proper course is to proceed under Rule 26,* as this defendant has done, went on to say, (1) that the information sought is not within the common law attorney-client privilege, (2) that even the broader policy against invasion of the attorney's privacy and freedom in the preparation of the case does not make it absolutely immune, but (3) that the party asking for disclosure is bound to show that the situation is a rare one having exceptional features which make the disclosure necessary in the interests of justice and (4) in ruling upon the precise point before it, the Court held that where it appears that the party seeking disclosure has obtained or is able to obtain the information asked for elsewhere, he has not met the burden. Applying this rule, which as stated epitomizes the opinion in Hickman v. Taylor, supra, it appears that the defendant is not entitled to have the interrogatories answered.

Earlier in the proceeding the defendant addressed to the plaintiff herself a series of interrogatories asking for information on a number of matters relating to the accident, including some of those now asked for. As to these, the plaintiff answered generally, in effect, "I do not know anything about the accident or how it happened. I have not talked to any witnesses, and I am not able to answer any of these questions."

While this answer is no doubt literally true, I do not think that the defendant was bound to accept it as complete and final. The plaintiff, having authorized her attorney to bring this suit, to appear for her and to prepare for and conduct the litigation, was bound to disclose facts relating to the accident in his possession even though at the time she answered the interrogatories the information may not have been transmitted to her. In Hickman v. Taylor the Supreme Court said, 329 U.S. 504, 67 S.Ct. 390, "A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney," and further, 329 U.S. 511, 67 S.Ct. 394, "Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had."

It is, therefore, my opinion that since the information asked for in these interrogatories could have been obtained by requiring the party herself to answer the interrogatories addressed to her under Rule 33, I do not think that the situation is one of those rare and exceptional ones that justifies compelling the attorney to answer under Rule 26.

The objections are sustained.

---

* Of course, under Rule 26 the written interrogatories addressed to the attorney are just as available as his oral deposi-tions supplemented by subpoena duces tecum.