**HEFTER v. NATIONAL AIRLINES, Inc. et al.**

United States District Court,
S. D. New York.
Dec. 18, 1952.

Duer & Taylor, New York City, for plaintiff. ·

Bigham, Englar, Jones & Houston, New York City, for defendant National Airlines, Inc.

SUGARMAN, District Judge.

In their respective actions against defendants National Airlines, Incorporated and Douglas Aircraft Company, Incorporated, plaintiffs Smith (motion 86) and Hefter (motion 87) move for an order (1) that the defendant, National Airlines, Incorporated, produce for the plaintiff's inspection, copying and/or photographing certain enumerated books, documents, reports, records and · plane parts and (2) that said defendant produce certain of its officers and employees and through said witnesses submit to an examination before trial upon the issues in this action. The actions result from an airplane crash alleged to have been caused through malfunction of a propeller.

The motion, insofar as it seeks a discovery and inspection, is disposed of as follows:

■ Items A, D, G to K inclusive, M to Y inclusive, and JJ are denied. Movant admit that they have copies of these documents but insist on discovery and inspection because defendant National Airlines, Incorporated refuses to verify that they are copies of records kept in the regular course of that defendant's business. See F.R.Civ.Proc. rule 36, 28 U.S.C.A.

■ ·Item B is granted, there being no opposition.

Item C is granted, limited however, to data on the type of propeller used on the airplane in suit, namely, the Hamilton Standard Propeller Hub Type 43D60.

■ Items E and F are granted, limited, of course, to the extent that the records are in the possession, custody or control of the defendant.[1]

Item L is granted, limited to reports made in the period from October, 1951 to the date of the crash.

■ Item Z is denied. It calls for so broad a group of documents that it violates the requirement that they be designated with some degree of particularity.[2]

Item AA is granted on consent.

■ Items BB to II are granted on consent. These cumbersome and heavy items are located in Westchester, Pennsylvania and the plaintiff will either examine them in Westchester or pay the expense of transporting them to the place of examination and return.[3]

■ The second branch of the motion seeking an order directing the defendant to submit to oral examination by certain officers and employees is denied. Assuming, but not deciding, the persons named to be those through whom defendant may be examined, the rule provides that the proper method of seeking such relief is by service of a notice.[4]

Settle order.

---

1. Moore's Fed.Prac., 2d Ed., Vol. 4, § 34.17, p. 2470.

2. Moore's Fed.Prac., 2d Ed., Vol. 4, § 34.07, p. 2442, et seq.

3. Moore's Fed.Prac., 2d Ed., Vol. 4, § 34.19, p. 2477.

4. F.R. Civ.Proc. rule 26, 28 U.S.C.A.