### Edward PANKOLA
#### v.
### TEXACO, INC.
### Civ. A. No. 26957.

United States District Court
E. D. Pennsylvania.
March 18, 1960.

Charles Sovel, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

John W. Ennis, Jr., Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

EGAN, District Judge.

Plaintiff, a seaman, sues his employer for damages alleged to have been suffered by him while a member of the crew of the SS. "Nevada." Plaintiff propounded interrogatories to which objection has been made. Subsequently the defendant answered all the interrogatories except number 1, the objection to which remains.

This case points up a problem which seems to be recurring with too great a frequency in this Court.

After weeks of careful and painstaking effort, the Subcommittee on Federal Rules of the Committee on Civil Judicial Procedure of the Philadelphia Bar Association recommended that this Court adopt a series of 71 interrogatories (actually 70 because number 16 was not approved by the Committee), unanimously adopted by the Committee, for use primarily in trespass cases. In its report, the Committee said, "It is the hope of the Committee that its efforts will reduce the amount of work required of the Judges and of counsel in discovery within the scope of these interrogatories."

The suggested interrogatories were adopted for use by all the Judges and on December 7, 1956, Chief Judge Kirkpatrick wrote a letter to C. Russell Phillips, Esquire, Chairman of the Subcommittee, saying, among other things, "The Judges wish me to say that we all appreciate the efforts made by your committee to attain some degree of uniformity in the matter of interrogatories, and to reduce the amount of work required of the Court in ruling on objections." (See Appendix to Local Rules United States District Court for the Eastern District of Pennsylvania, pp. 37–49 inc.)

The interrogatories were tailored by the Committee in such a fashion as to elicit the maximum amount of relevant, pertinent and non-objectionable information. We quote a few:

"5. Have you or has anyone acting in your behalf obtained from any person or persons any report, statement, memorandum, or testimony concerning the accident involved in this cause of action?

"6. If so, what is the name and last known address and present whereabouts, if known, of each such person?

"7. If so, when, where, and by whom was each such report, state-

ment, memorandum, or testimony obtained or made?

"8. If so, where is each located?

"9. What is the name and last known address and present whereabouts, if known, of each person whom you or anyone acting in your behalf knows or believes to have witnessed said accident?

"10. What is the name, last known address, and present whereabouts, if known, of each person whom you or anyone acting in your behalf knows or believes to have any relevant knowledge of the conditions at the scene of the accident existing prior to, at, or immediately after the same?"

Compare these with that propounded by plaintiff:

"Interrogatory No. 1. Set forth all information, including conflicting information, in possession of you, your attorneys, investigators, underwriters, or other representatives, relating to the accident to plaintiff on or about June 6, 1959, and the surrounding circumstances, and indicate the source of each item of information."

This Court agrees with the defendant that this interrogatory is objectionable in that "it calls for a conclusion and/or an opinion;" would require defendant to prepare a summarization of all available information; that this would be excessively burdensome; that it would require defendant to reveal the work product of its counsel which is privileged; and more importantly that "it does not conform with the interrogatories approved by the Judges of the United States District Court for the Eastern District of Pennsylvania, which interrogatories were designed to reduce the amount of work required of the Court and of counsel * * *."

Defendant's objections will be sustained and an appropriate order will be filed herewith.