John F. BECKLEY, Plaintiff,

v.

AKTIESELSKABET GLITTRE,
Defendant.

No. 61-C-789.

United States District Court
E. D. New York.

March 6, 1963.

James F. Murphy, Brooklyn, N. Y., for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendant; Thomas F. Molanphy, New York City, of counsel.

BRUCHHAUSEN, District Judge.

Motion by plaintiff, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. The plaintiff seeks an order striking the answer on the ground that the defendant failed to answer interrogatories.

The plaintiff, in his complaint, alleges as follows: That the defendant, a Norwegian corporation, was the owner of the vessel S. S. Fernstate; that on July 20, 1960, the vessel was moored at a Brooklyn pier; that the defendant engaged the Atlantic Piers Co., Inc., to perform certain work on the vessel; that the plaintiff boarded the vessel in the capacity of an employee of Atlantic and that while disembarking by way of a ladder placed by members of the crew over the side, he sustained personal injuries when a rung of the ladder broke under his weight.

Only the answers to three of the seventeen interrogatories, propounded by the plaintiff, are challenged on this motion. In its answers, the defendant names four officers of the ship on board at the time of the accident and states that two of them are no longer in its employ; that the ladder had been used intermittently since its purchase date on October 12, 1959 and that at the time the ladder was placed over the side one rung was broken.

The plaintiff claims that interrogatories numbered 8, 9 and 17 have not been answered or that the answers given are insufficient. Those interrogatories are as follows:

"8. When was the last time this ladder was used?

"9. When was the last time this ladder was inspected?

"17. State the period of time prior to the occurrence complained of that this ladder was in a defective condition."

The defendant answered each of them with the statement that the information will be supplied when it becomes available. In the answering affidavit, the defendant's attorney states that the said interrogatories require investigation and interview among members of the personnel of the vessel, now widely scattered throughout the world.

The applicable rule of law is stated in Hornung v. Eastern Auto Forwarding Co., D.C., 11 F.R.D. 300, viz.:

"A corporation cannot avoid answer by an allegation of ignorance, if it can obtain the information from sources under its control, although it may qualify its answers to show its source in order to avoid admission of something which it does not admit. 4 Moore Federal Practice 33.26."

No. 9 refers to inspections. In Martin v. Reynolds Metals Corporation, 9 Cir., 297 F.2d 49, 57, the Court said:

"The word 'inspection' has a broader meaning than just looking. The dictionary (Funk & Wagnalls New Standard Dictionary) defines 'inspect' as 'to examine carefully or critically, investigate and test officially, as to inspect food' and an 'inspection' as 'especially, a critical investigation or scrutiny' ".

The word "inspected" as used in No. 9 is interpreted to have the meaning attributed to it in Martin.

Interrogatory No. 8 is extremely broad. It can be interpreted as covering usage of the ladder by any officer, member of the crew or other individual prior to the occurrence. As stated, two of the officers are no longer in the defendant's employ and therefore not in its control. Furthermore, the defendant requires time to obtain information from absent personnel to adequately answer the three interrogatories.

Interrogatory No. 17 should be interpreted to read as follows: "17. State the length of time said rung was broken."

The defendant is requested to inform the Court by affidavit as to the time it will require to procure the information for the answering of the said interrogatories, in conformity with this memorandum.

The proposed order, with affidavit, shall be settled on five (5) days' notice.