Edward WHITE and North American Research & Development Corporation, Plaintiffs,

v.

Edward C. JAEGERMAN et al., Defendants.

No. 69 Civ. 1276.

United States District Court, S. D. New York.

Oct. 30, 1970.

------&------

Sidney Schreiberg, New York City, for plaintiffs.

Philip A. Loomis, Jr., Securities & Exchange Commission, General Counsel, Washington, D. C., for defendant Jaegerman and others.

Lord, Day & Lord, New York City, for defendant Metz.

## MEMORANDUM

COOPER, District Judge.

Plaintiffs move to disqualify defendant's counsel[1] and defendant cross-moves for production, inspection and copying of documents pursuant to Rule 34, F.R.Civ.P.[2] Plaintiffs' motion denied. Defendant's motion granted.

■ We concur with the statement under similar facts in Jones v. Kennedy, 73 App.D.C. 292, 121 F.2d 40 (1941):

Our attention has not been called to any statute or rule that prevents attorneys employed by the [Securities and Exchange] Commission from representing government officers sued in their individual capacity for acts growing out of or connected with their official duties. Without prohibitory language, their appearance in the case is fair and proper (at p. 45).

Public policy encourages government employees to vigorously discharge their duties. This rationale supports both immunity and the providing of government counsel for government employees sued for acts connected with their official duties; mere accusation is not liability and it should not serve as a legal Sword of Damocles to constantly threaten professional reputation and staggering personal litigation expense.

■ Defendant requests discovery of each of the following items from plaintiff White:

1. The shareholder transfer records concerning the stock of North American Research and Development Corporation.

2. The transcripts of White's examination in the course of the Commission's investigation relating to North American Research and Development Corporation.

3. Copies of the letters sent to shareholders of North American Research and Development Corporation who wished to transfer their shares.

4. The patent papers covering the Storrs process, including the patent application, any evidence that a patent was granted and papers indicating the rights of North American Research and Development Corporation in the patent.

5. The shareholder transfer records of Wee Gee Uranium Mines Ltd.

6. All papers, including agreements and evidence of payments, regarding White's acquisition from Rosenblatt of 200,000 shares of North American Research and Development Corporation.

7. All papers, including evidence of payments, regarding White's pay-

1. On May 22, 1969, Judge McLean denied a similar disqualification motion by plaintiffs.

2. As amended, effective July 1, 1970.

ment of $115,000 to North American Research and Development Corporation.

8. All papers reflecting trades by White or anyone in his behalf in the stock of Interamerican Industries Ltd. during the period prior to August 11, 1967.

Under Rule 34 as amended, relevance to the subject matter involved in the pending action has replaced "good cause" as the test for discovery. We regard each of the above requests (numbered 1–8) as relevant to the claim of harassment or defense to it.

Secrecy is not a problem in number 2 above. Under Zients v. LaMorte, 319 F.Supp. 956 (S.D.N.Y. October 6, 1970), the decision by the Securities and Exchange Commission to furnish White a copy of his testimony without any injunction against disclosure to a third party made the testimony public at least for the purposes of discovery by defendant; the secrecy provisions were for the benefit of the Commission and not plaintiff.

The parties are directed to agree upon a date, time, place and manner for the production, inspection and copying of the above documents numbered 1–8. Plaintiff White is directed to furnish each item numbered 1–8 above. We find that under the circumstances he will not assume an undue burden by producing documents copies of which may also be in the files of the Securities and Exchange Commission. We recognize the Commission practice of requiring litigants in private lawsuits to obtain materials from the person who furnished them to the Commission.

Discovery shall begin within thirty (30) days from the filing of this order and shall continue to a prompt conclusion.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.