Raymond Lee RUPP and Linda Lee Rupp,
Plaintiffs,

v.

VOCK & WEIDERHOLD, INC.

and

Schumag Aachen Schumacher Mettall-
werke A. G., Defendants.

Civ. A. No. C 68–533.

United States District Court,
N. D. Ohio, E. D.

March 23, 1971.

Richard Goodman, Detroit, Mich., for plaintiffs.

Michael Hughes, William H. Wallace, Cleveland, Ohio, for defendant Vock & Weiderhold, Inc.

Russell E. Leasure, Cleveland, Ohio, for Schumag Aachen Schumacher Mettallwerke, A. G.

## MEMORANDUM and ORDER

WILLIAM K. THOMAS, District Judge.

Plaintiffs Raymond Lee Rupp and his wife Linda Lee Rupp sue for damages for the amputation of Raymond's left hand while working on July 16, 1966, at a plant of Chase Brass Copper Company in Western Ohio. The accident is claimed to have happened while he was operating a non-ferrous, metal extruding, cutting and polishing machine. Plaintiffs claim that it was allegedly negligently manufactured and installed in 1965 by defendant Vock & Weiderhold, Inc. and defendant Schumag Aachen

Schumacher Mettallwerke, A. G. (hereafter Schumag).

Defendant Schumag moves to require plaintiffs to answer more fully its interrogatories submitted on October 2, 1970. By January 20, 1971, the plaintiffs had not yet answered either Schumag's earlier set of interrogatories submitted July 3, 1969 or the set submitted on October 2, 1970. Therefore, on January 20, 1971, Schumag moved to compel answers to both sets. By plaintiffs' submission on January 28, 1971 of answers to both sets (save one objection that is at the center of the present controversy), defendant's earlier motion to compel filed January 20, 1971, has become moot.

It is the answers to Interrogatories 1 and 2 claimed by defendant to be "only partially responded to" and plaintiffs' objection to interrogatory 3 that has led to Schumag's present motion. The three interrogatories together with plaintiffs' answers are as follows:

1. Identify each person whom plaintiffs expect to call as an expert witness at the trial.

    Answer: Richard Pew

    Paul Youngdahl

    Gordon Rivers, Sr.

    Eugene Yon

2. State the subject matter on which said experts are expected to testify.

    Answer: The machine design, electrical circuitry, and human factors engineering.

3. State the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

    Answer: Objected to.

In pressing its present motion to compel defendant Schumag relies on Rule 26(b) (4) (A) (i), Federal Rules of Civil Procedure. Rule 26 is the lead rule of the discovery rules (Rules 26 through 37), which were amended effective July 1, 1970. Pertinent subrule (b), as entitled, deals with "Scope of Discovery." Subdivision (b) (4) headed, "Trial Preparation: Experts," specifies in its introductory subparagraph that

Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b) (1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows: * * *.

The three interrogatories of defendant Schumag inquire as to expert witnesses whom the plaintiffs expect to call for trial. It is evident that defendant Schumag has drafted these interrogatories in the precise language of subparagraph (A) (i) of subdivision (b) (4). This reads:

(A) (i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion * * *.

Plaintiffs' answer interrogatories 1 and 2, though the defendant says not "fully." Plaintiffs do not answer, but object to the third interrogatory. However, they do not state any reason for the objection. Thus they fail to comply with amended "Interrogatories to Parties," Rule 33(a) that directs

Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. * * *

Clarification of the ground of the objection is now supplied in the brief of the plaintiffs opposing defendant Schumag's motion to compel when considered

with recent interrogatories of the plaintiffs and answers of defendant Schumag.

On January 28, 1971, concurrently with plaintiffs' response to the interrogatories of defendant Schumag, plaintiffs forwarded to Schumag four interrogatories. The first three are pertinent:

1. Identify each person whom Defendants expect to call as expert witnesses at the trial.

2. State the subject matter on which said experts are expected to testify.

3. State the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

These interrogatories were filed on February 1, 1971. Two days later, on February 3, 1971, Schumag filed its answers to these interrogatories. Its answer to (1) states:

Defendant Schumag has not determined what person or persons it will call as an expert witness at the trial.

It answers the other interrogatories by saying, "Not applicable."

Plaintiffs request this court:

[T]o deny Defendant's Motion to Compel Answers unless and until the Defendant agrees to answer Plaintiffs' outstanding Interrogatories which seek the same information Defendant seeks.

■ In effect the plaintiffs ask this court to condition defendant's use of (b) (4) (A) (i) on a contemporaneous exchange by the parties of information concerning the proposed testimony of the expert witnesses of each party. If granted this would stay compliance with defendant Schumag's interrogatory 3, at least until defendant decided to call a trial expert witness, and until such a witness was engaged by defendant Schumag. Such a condition is not expressly contained in subparagraph (A) (i); and

there is no basis for reading the condition into the provision by implication.

The objection that the plaintiffs assert is anticipatory. They must comply with the information sought by Schumag. Should Schumag then seek to depose any of the plaintiffs' expert witnesses, (A) (ii) would then come into play. Under (A) (ii) a court order is required before a party can obtain a deposition of an opposition expert witness. To the granting of an (A) (ii) order the court may attach restrictions. As stated in this regard in "Notes of Advisory Committee on Rules:"

Subdivision (b) (4) (A) provides for discovery of an expert who is to testify at the trial. A party can require one who intends to use the expert to state the substance of the testimony that the expert is expected to give. The court may order further discovery, and if it has ample power to regulate its timing and scope and to prevent abuse.

Should this defendant later seek permission to depose any of the plaintiffs' expert witnesses the court can then give consideration to staying the taking of any such deposition until such time, if at all, the defendant engages one or more expert witnesses and the defendant complies with (A) (i) as to such expert witness or witnesses.

■ Defendant Schumag's motion is granted and plaintiffs are directed to answer more fully interrogatories 1, 2, and 3 in the following manner:

*Interrogatory* 1. In addition to the four names already specified, plaintiffs are directed to furnish defendant with each expert's present address, his current occupation or profession, and his particular specialty.

*Interrogatory* 2. With reference to each particular witness plaintiffs are directed to state more precisely the subject matter upon which they expect that expert witness to testify.

*Interrogatory* 3. The objection is over-ruled. Plaintiffs shall answer this interrogatory. As to each expert witness the plaintiffs shall state "the substance of the facts and opinions to which each is expected to testify, and a summary of the grounds for each opinion."

It is so ordered.