Jerald A. LAVIN et al., Plaintiffs,

v.

A. G. BECKER & CO., INC., a Delaware corporation, et al., Defendants.

No. 71 C 159.

United States District Court,
N. D. Illinois.

Sept. 10, 1973.

Steven Goldman, Chicago, Ill., for plaintiffs.

James T. Griffin, Roger J. McFadden, Hubachek, Kelly, Rauch & Kirby, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion for an order compelling production of documents pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

This is an action to redress alleged violations of federal security laws and regulations.

The plaintiffs are Jerald A. Lavin, Bernard Goldstein and Sheldon N. Goldberg, all of whom are residents of the State of Illinois.

The defendant A. G. Becker & Co., Inc. ("Becker") is a broker and dealer within the meaning of Sections 3(a)(4) and (5) of the Securities Exchange Act of 1934 ("the Exchange Act") and were

and now are registered with the Securities and Exchange Commission, pursuant to the provisions of Section 15(b) of the Exchange Act. Becker conducts a retail securities business, acting as a stockbroker and dealer throughout the United States, including Chicago, Illinois. It conducts its business through representatives who act as agents on its behalf and who are licensed by the National Association of Securities Dealers ("NASD") and the New York Stock Exchange ("NYSE"). Defendants Kupfer and Gray are such representatives or agents of defendant Becker. Becker is a member firm of the NASD and the NYSE and is subject to their applicable rules and regulations. Becker is also a "controlling person" of Kupfer and Gray within the meaning of Section 15 of the Securities Act of 1933, Section 20 of the Exchange Act.

The plaintiffs state their claim in a six count complaint which contains allegations that the defendants have violated various federal securities statutes in connection with the sale to the plaintiffs of a number of shares of Comcet common stock. Count VI of the complaint, which the instant motion is primarily concerned with, alleges that Becker, a member of NASD violated NASD Rules of Fair Practice, Article III, Section 2, in that the defendants did not have reasonable grounds for believing that Comcet's stock was suitable for plaintiffs.[1]

Count VI further alleges that Becker, a member of the NYSE, failed to use "due diligence to learn the facts relative to every customer and every order." Plaintiffs maintain that as a result of this alleged failure the defendants stand in violation of Rule 405 of the New York Stock Exchange.[2]

On June 27, 1973 the defendants filed with this Court a document entitled "Notice to Take Deposition Upon Oral Examination and Request for Production of Documents" which requested that the plaintiff produce, *inter alia*:

"(6) All documents, including but not being limited to the type of documents referred to in paragraph 2 above reflecting securities transactions of any type by the plaintiffs or any of them in the period of January 1, 1967 through and including December 31, 1970.

(7) All documents not otherwise included in any of the foregoing requests which related in any way to the income and investment of the plaintiffs or each of them and including but not being limited to firms, corporations or partnerships in which the plaintiffs or each of them had any interest.

(8) The Federal Income Tax returns for the plaintiffs and each of them for the calendar years 1967, 1968, 1969 and 1970.

(9) State of Illinois Income Tax returns for the plaintiffs and each of them for the years 1969 and 1970."

The defendants in support of their motion for the production of the documents contend:

1. The only viable means of determining the "extent" or scope of

---

1. NASD Rules of Fair Practice, Article III, Section 2, in pertinent part, provides:
"In recommending to a customer the purchase, sale or exchange of any security, a member shall have reasonable grounds for believing that the recommendation is suitable for such customer upon the basis of the facts, if any, disclosed by such customer as to his other security holdings and as to his financial situation and needs."

2. Rule 405 of the New York Stock Exchange provides, in relevant part, that every member organization will:
"(1) Use due diligence to learn the essential facts relative to every customer, every order, every cash or margin account accepted or carried by such organization and every person holding power of attorney over any account accepted or carried by such organization."

Becker's investigation is to compare the facts adduced by that investigation with the total quantum of financial facts relating to the plaintiffs which existed at the time of the sale and which were available to Becker at the time of the sale.

2. The information contained therein should be produced by the plaintiffs in order to allow Becker to determine whether or not certain financial data which was the subject of inquiries by Becker at the time of sale had, for some reason, been withheld from Becker by the plaintiffs.

3. The documents should be produced in order to allow Becker to corroborate the accuracy and veracity of the financial information which the plaintiffs did furnish the defendant at Becker's request at the time of sale.

The plaintiffs in opposition to the instant motion contend that the documents sought by the defendants are irrelevant and therefore not subject to the rules of discovery. In support of their position plaintiffs urge that the only relevant issue set forth in Count VI of the complaint is the extent of Becker's investigation of the customers and of the stock; and thus, the relevant inquiry for this facet of plaintiffs' case is what the defendants knew about their customers at the time they recommended to plaintiff the purchase of Comcet stock.

It is the opinion of this Court that the plaintiffs should be required to produce the documents requested by defendants.

█ It is well settled that the Federal Rules of Civil Procedure provide the broadest possible discovery. Federal courts have consistently chosen to maintain that liberal interpretation of the rules. Spier v. Home Insurance Company, 404 F.2d 896 (7th Cir. 1968); Peterson v. United States, 52 F.R.D. 317 (S.D.Ill.1971); General Telephone and

Elec. Lab. Inc. v. National Video Corp., 297 F.Supp. 981 (N.D.Ill.1968). The plaintiffs have failed to demonstrate that production of the requested documents would be annoying, burdensome or completely irrelevant to the thrust of the instant litigation. The defendants adequately contend that production of the relevant documents will significantly enhance the defendants' ability: (1) to judge the total quantum of financial facts relating to the plaintiff and the reasonableness of their dealings; (2) to determine whether the plaintiffs at the time of the stock sale unreasonably withheld relevant available facts as to their financial condition which were requested by the defendants; and (3) to test the accuracy and veracity of the financial information which plaintiffs did furnish defendants.

Accordingly, it is hereby ordered that defendants' motion for the production of documents is granted.