Kenneth K. OLMERT and Helen Olmert, Plaintiffs,

v.

Rollin F. NELSON et al., Defendants.

Civ. A. No. 2246–71.

United States District Court, District of Columbia.

Sept. 11, 1973.

Frank J. Delany, Washington, D. C., for plaintiffs.

Leo A. Roth, Washington, D. C., for defendants.

## MEMORANDUM-ORDER

GASCH, District Judge.

This matter comes before the Court upon plaintiffs' motion to compel answers to interrogatories propounded to defendant Sweet. Plaintiffs propounded these interrogatories May 28, 1973, and received answers June 27, 1973. The majority of answers seem satisfactory, but a dispute has arisen over a number of specific interrogatories.

Upon oral hearing, plaintiffs represented that the answers Dr. Sweet gave were either vague or evasive; defendant in turn argued that Dr. Sweet had answered as fully as he was able; in other areas, counsel for defendant argued that attorney's work-product would be involved in giving more complete answers.

## I.

 The first issue is whether Dr. Sweet may answer solely on the basis of his own knowledge and not acknowledge information plaintiffs assert he has under his control. It is true that a party may not so limit his answers. Hickman v. Taylor, 329 U.S. 495, 504, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Maryland ex rel. Peters v. Baltimore and Ohio R. R., 7 F.R.D. 666 (1947); Gaynor v. Atlantic Greyhound Corp., (E.D.Pa.), 11 F.R. Serv. 26b.211 (1948). Although the majority of situations in which this problem arises concern interrogatories served on an officer of a corporation,[1] it is no less true for an individual who has under his control the means to supply straightforward answers to interrogatories.[2]

 On the other hand, no party may be compelled to do the interrogating party's investigation for him, nor will he be required to answer questions concerning privileged matter or questions that are unduly burdensome. See generally Greene v. Raymond, 41 F.R.D. 11 (D. Colo.1966); Smigiel v. Compagnie de Transports Oceaniques v. Marra Bros., Inc., 183 F.Supp. 518 (E.D.Pa.1960); Pankola v. Texaco, Inc., 25 F.R.D. 184 (E.D.Pa.1960); Konczakowski v. Paramount Pictures, Inc., 20 F.R.D. 588 (S. D.N.Y.1957).

Thus it is reasonable to expect that information available to Dr. Sweet not covered by a privilege would be divulged in answer to plaintiffs' interrogatories.

---

1. Kerr-McGee Corp. v. Texas Okla. Express, Inc., 43 F.R.D. 336 (W.D.Okl.1967); Life Music, Inc. v. Broadcast Music, Inc., 41 F. R.D. 16 (S.D.N.Y.1966); Beckley v. Aktieselskabet Glittre, 32 F.R.D. 384 (E.D.N.Y. 1963); Levatino Co. v. American President Lines, Ltd., 214 F.Supp. 96 (S.D.N.Y.1962); City of Philadelphia v. Westinghouse Elec. Corp., 205 F.Supp. 830 (E.D.Pa.1962).

2. "A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney." Hickman v. Taylor, 329 U.S. 495, 504, 67 S.Ct. 385, 390, 91 L. Ed. 451 (1947).

## II.

We come now to certain interrogatories objected to at the oral hearing as requiring divulgence of defendant Sweet's attorney's work-product. It is claimed that the work-product of defendant's attorney would be violated if he were required to divulge further information concerning testimony of expert witnesses or if he were to be forced to "[i]dentify all statements, documents and tangible things prepared in anticipation of litigation . . . ." [3]

Taking the question of expert witnesses first, plaintiffs' interrogatories nos. 33, 34, 35 and 36 [4] are textually very much in line with the language of Fed.R.Civ.P. 26(b)(4)(A). Defendant's answers [5] are insufficient upon their face, and defendant's claim that attorney work-product will be improperly divulged cannot stand in light of Knighton v. Villian & Fassio, 39 F.R.D. 11 (D. Md.1965). There, prior to the 1970 revision of Fed.R.Civ.P. 26, Chief Judge Thomsen held that the interrogating party "may require any other party (i) to identify each person whom the other party expects to call as an expert witness at trial, and (ii) to state the subject matter on which the expert will testify." [6]

The present case comes squarely within the ambit of the post-1970 amendments case of Rupp v. Vock & Weiderhold, Inc., 52 F.R.D. 111 (1971). Defendant served interrogatories framed in the new language of Rule 26(b)(4)(A), and plaintiff gave partial replies.[7] The court compared these to the demands of Rule 26, and concluded that more complete answers were required:

Defendant Schumag's motion is granted and plaintiffs are directed to answer more fully interrogatories 1, 2, and 3 in the following manner:

*Interrogatory 1.* In addition to the four names already specified, plaintiffs are directed to furnish defendant with each expert's present address, his current occupation or profession, and his particular specialty.

*Interrogatory 2.* With reference to each particular witness plaintiffs are

3. Plaintiffs' interrogatory no. 37.

4. 33. State the name, address and specialty of each expert you plan to use at trial.
34. For each expert state the subject matter on which he is expected to testify.
35. For each expert please state the facts and opinions to which he is expected to testify.
36. For each expert state the grounds for each opinion.

5. 33. The only experts I intend to call at the time of trial are those doctors who treated Dr. Conlon and the records of Doctors' Hospital where he was hospitalized. I believe one of the doctors is Dr. Joseph Wallace, 1302–18th Street, N. W., Washington, D. C.
34. Dr. Wallace will testify about the nature and extent of any medical problems sustained by Dr. Conlon.
35. I assume his testimony will be based upon his office records and the hospital records.

36. The grounds of his opinion will be based upon his knowledge of medicine and the true facts in this case.

6. 39 F.R.D. at 13.

7. The interrogatories and answers were as follows:
1. Identify each person whom plaintiffs expect to call as an expert witness at the trial.
Answer: Richard Pew
Paul Youngdahl
Gordon Rivers, Sr.
Eugene Yon
2. State the subject matter on which said experts are expected to testify.
Answer: The machine design, electrical circuitry, and human factors engineering.
3. State the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
Answer: Objected to.
52 F.R.D. at 112.

directed to state more precisely the subject matter upon which they expect that expert witness to testify.

*Interrogatory* 3. The object is overruled. Plaintiffs shall answer this interrogatory. As to each expert witness the plaintiffs shall state "the substance of the facts and opinions to which each is expected to testify, and a summary of the grounds for each opinion."

It is so ordered.

While the Court makes no comparison between the answers in *Rupp* and defendant Sweet's answers here, no less than this amount of information may be supplied to plaintiffs.

■ In reference to defendant's objection to plaintiffs' request for the identification of statements and documents prepared for trial, it must be pointed out that plaintiffs did not request production of any document,[8] but merely identification. This he is clearly entitled to. 4A Moore's Federal Practice ¶ 33.22.

### III.

In reference to particular interrogatories, the Court finds that defendant must answer to the following extent:

No. 14—Defendant Sweet must consult his ledger and supply all relevant dates;

No. 15—Defendant must fully identify the nature of the "ledger";

Nos. 19–32—Defendant must review these answers and supplement them with any and all pertinent information under defendant's control;

Nos. 33–36—Defendant must answer consistently with the holding of *Rupp, supra;* [9]

---

8. "37. *Identify* all statements, documents and tangible things . . ." (emphasis added).

9. If at the time of entering this Order defendant still has not secured all his expert

No. 37—Defendant must identify but not produce the requested statements and documents.

It is by the Court this 11th day of September, 1973,

Ordered that defendant submit revised answers to interrogatories in accordance with this Memorandum.

witnesses, he is hereby directed to promptly supplement answers under this Order in accordance with Fed.R.Civ.P. 26(e)(1)(B).