Paul WEINER and Eleanor Weiner,
his wife, Plaintiffs,

v.

BACHE HALSEY STUART, INC., a Delaware Corporation, Sherman Mayor,
and Robert Novinski, Defendants.

No. 77–6201–Civ–JLK.

United States District Court,
S. D. Florida.

Oct. 12, 1977.

Thomas E. Ashe, Miami, Fla., for plaintiffs.

Ronald L. Giroux, North Miami Beach, Fla., for defendants.

## ORDER

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the motion of defendant to compel plaintiff to answer interrogatories and produce requested documents. The court, having considered the record and being fully advised in the premises, finds and concludes that the motion should be granted in part.

### I. *Discovery Requests 11(d) and (e):*

These requests seek information as to each brokerage account maintained by either plaintiff since 1960. Defendant asks plaintiff to supply information regarding the nature and extent of their interest and dealings as to those brokerage accounts along with a list of names and addresses of any persons and entities who may have possession of such records. Further, defendant requests plaintiffs to produce such records.

Plaintiffs object that defendant has copies of these records in his own files. This court is guided in its determinations on this motion to compel by the following statement of the Advisory Committee on the Federal Rules of Civil Procedure:

> the broad scope of examination . . . may cover not only evidence for use at the trial but also inquiry into matters in themselves inadmissible as evidence but which will lead to the discovery of evidence. 5 F.R.D. 433, at 454.

More specifically, it is clear now that the former equity restriction on discovery of information already within the knowledge of the moving party "could hardly apply to discovery under the federal rules, since the purpose of the discovery rules is not only to elicit unknown facts, but also to narrow and define the issues. . . . " 8 Wright, Miller & Cooper, *Federal Practice & Procedure: Civil*, § 2014. *See United States v. 58.16 Acres of Land, More or Less situate in Clinton County, State of Illinois*, 66 F.R.D. 570 (E.D.Ill.1975). Defendant's request in the present suit satisfies the test of relevance mandated by the Federal Rules. Plaintiffs' brokerage records could be pertinent to a suit which hinges on the truthful and forthright nature of the relationship between their stock brokers and themselves.

Plaintiffs cite two cases as standing for a contrary position in this matter. As to the first, *Hefter v. National Airlines*, 14 F.R.D. 78 (S.D.N.Y.1952), the court there denied plaintiff's request for copies of documents in defendant's possession because plaintiff only sought them upon defendant's refusal to verify that they were copies maintained in the regular course of its business. As to the second case, *Pope v. Ungerer*, 49 F.R.D. 300 (N.D.Ga.1969), it appears that plaintiff there did not make a showing of the relevance of the records he sought to the case when defendant complained that copies of those records were in plaintiff's own possession.

Both cases are inapposite to the case *sub judice*. Here, defendant has noted that the records sought will shed light on questions such as which records plaintiffs elected to retain, why they elected to retain them, and where they were maintained. Further, there may be handwritten notations on plaintiffs' records. In a suit wherein the sophistication of the purchaser is an important matter for consideration, this court cannot find that defendant's request is incompatible with the scope of discovery permitted under the Federal Rules.

### II. *Defendant's Discovery Request No. 17:*

■ This request asks plaintiffs to produce each bond involved in the lawsuit, together with any correspondence or documentation received by plaintiffs in connection with those bonds. Plaintiffs object that the delivery of these bonds from the custody of their Swiss Bank would be unsafe and quite costly. Defendant maintains that it is important for it to determine whether plaintiff remains possessed of these bonds and whether any notations were made upon them.

Plaintiffs' argument is convincing. Because of the problems of loss which can arise in the course of transportation, this court orders plaintiff to transmit certified copies of the bonds in question. If, upon receiving these copies, defendant finds that it cannot read certain pencil notations or, for some other reason, finds that it needs the originals, it can apply to the court at that time.

### III. *Defendant's Discovery Request No. 18:*

■ This interrogatory asks plaintiffs to state the exact location at which these bonds have been kept, along with the respective dates, from the time plaintiffs received them to the present. Plaintiffs complain that such information cannot be relevant to the case. Defendant counters by stating that plaintiffs' complaint centers, in part, upon the quality of the bonds purchased. Therefore, if the answers to this interrogatory demonstrate that plaintiffs provided the bonds in question to a lending institution for collateral, defendant may then discover that the lending institution made a valuation of those bonds and that it communicated such valuation to the plaintiffs.

This clearly meets the threshold requirement of relevancy. Evidence sought during discovery need not be admissible at trial—it can simply be one link in a chain which leads to evidence which will ultimately be utilized at trial.

### IV. *Interrogatories Nos. 19, 20, and 28:*

■ Defendant herein requests that plaintiffs divulge whether they were ever counselled by any person about the nature of the stock or bond investments made by them and whether they ever secured an evaluation of those stocks or bonds. Plaintiff objects, stating that they had no communications with anyone on these matters prior to the default of the Ohio State Water Bonds. Further, plaintiffs contend that after the default occurred, they asked their attorneys to have an evaluation of their bond portfolio done. This, plaintiffs claim, was done for litigation purposes. Defendant's response is that regardless of the truth of plaintiffs' allegations, they should be required to answer the questions under oath, invoking the privilege wherever they deem appropriate.

This court adopts defendant's recommendation in this regard. The interrogatories

should be answered and any objections on the grounds of work product or privilege should be interposed with particularity in the context of plaintiffs' answers.

### V. *Discovery Request No. 21*

■ This request entails the production of all income tax returns filed with any taxing authority by plaintiffs from 1970 to the present. Plaintiffs object that such documents are confidential communications and that, in any event, they are not relevant.

The case of *Lavin v. A. G. Becker and Co., Inc.*, 60 F.R.D. 684 (N.D.Ill.1973) is dispositive of this issue. In that case, plaintiff was suing defendant-broker and defendant-dealer for violations of the federal security laws. Plaintiff alleged that defendants did not have reasonable grounds for believing that certain stock was suitable for plaintiff and that they had failed to use due diligence to learn facts relative to every customer and order. In the course of preparing for trial, defendants sought discovery of plaintiff's tax returns covering a span of four years.

The *Lavin* court granted this request, stating that "the plaintiffs have failed to demonstrate that production of the requested documents would be annoying, burdensome, or completely irrelevant to the thrust of the instant litigation." *Lavin*, supra, at 686.

The case *sub judice* involves several contentions which are quite similar to those recited in *Lavin*. As the present defendant points out, the tax returns it seeks can provide much valuable information regarding plaintiffs' financial resources and income over the years in question. These factors could be highly relevant to the issue of whether plaintiffs furnished accurate financial information to the defendants—an issue of great importance according to the *Lavin* court in a case like the one before this court.

Therefore, plaintiffs are ordered to comply with this request. However, pursuant to plaintiffs' own request, the documentation it provides will be kept under seal and not be made public except by court order. *See United States v. National Steel Corporation*, 26 F.R.D. 599 (D.C.Tex.1960). The answers will be furnished only to defendants.

### VI. *Discovery Request No. 22:*

Here, defendant requests plaintiffs to provide all correspondence to and from defendant from 1971 to the present. Plaintiffs' objections echo those registered regarding Request I, supra.

For the reasons stated in I, supra, and upon the further authority of *White v. Jaegerman*, 51 F.R.D. 161 (S.D.N.Y.1970), this court grants defendant's request.

### VII. *Discovery Request No. 24:*

Defendant asks plaintiffs to produce all records relating to each bond purchased as well as all records concerning payment by plaintiffs for those purchases. Plaintiffs' position regarding this request is essentially the same as its position regarding Request I, supra.

For the reasons stated there and in Request VI, defendant's request is granted.

### VIII. *Discovery Request No. 25:*

■ Here, defendant seeks correspondence and documentation regarding plaintiffs' Swiss Bank through which much of plaintiffs' bond portfolio was obtained. Defendant contends that such information is reasonably calculated to enhance the discovery of admissible evidence in five areas relating to plaintiffs' sophistication such as whether plaintiffs received investment advice from the Swiss Bank and/or whether there were any loan transactions between plaintiffs and the bank.

It should be noted that this request concerns documentation relating only to plaintiffs' securities account with that bank. Plaintiffs object that these records are not relevant and that the bank was merely a transfer agent. However, this court believes that defendant has made a sufficient showing of relevancy with regard to the information sought in this request. Plain-

tiffs' financial sophistication is clearly relevant to this case as is any advice they may have received from the Swiss Bank with regard to the transactions in issue.

The court, however, will order that the records be furnished to defendants only and that they shall otherwise be sealed and not revealed for public inspection, pursuant to Federal Rule 26(c).

### IX. *Discovery Request No. 30:*

This request essentially asks plaintiffs to supply all written materials received from Bache, one of the defendants. Plaintiffs have agreed to supply all printed material but object to supplying material which was personally directed at plaintiffs. Their objections closely follow the objections registered in relation to Request I, supra.

Accordingly, for the same reasons heretofore stated with regard to Requests I, VI, and VII, supra, and upon the authority of *White v. Jaegerman,* supra, this court grants defendant's request.

### X. *Discovery Request No. 32:*

■ Here, defendant requests plaintiffs to describe each asset they liquidated to produce the amount required to purchase the bonds from defendants. Plaintiffs object that this is privileged matter. They further claim that there is presently no issue as to the manner in which plaintiffs acquired the bonds. With regard to the latter objection, defendant responds by stating that it is too early in the proceedings to determine whether there is any issue as to plaintiffs manner of acquisition. As to the objection premised on relevancy, defendant contends that the nature of the assets liquidated could bear on the question of plaintiffs' financial sophistication—especially if some of those assets were themselves bonds.

Accordingly, defendant's request is granted.

### XI. *Discovery Requests Nos. 35, 36, 37, 38 & 39:*

Requests Nos. 35, 36 and 37 track the language of Federal Rule 26(b)(4)(A)(i).

Therefore, these requests as to expert witnesses are granted.

■ As to the request for the "grounds for each opinion to which the expert is expected to testify," while this does not track the language of the Federal Rule; it is within its ambit. *See Olmert v. Nelson,* 60 F.R.D. 369 (D.D.C.1973). Therefore, request no. 38 is also granted.

■ The final request, no. 39, seeks the name, address, and occupation of each person "contacted, consulted, retained or employed" by plaintiffs in anticipation of litigation and whom plaintiffs do not intend to call as witnesses at trial. This court finds no authority for such information with regard to experts who were not retained or specially employed. "Neither the names of these persons or their information is subject to discovery." Wright, Miller & Cooper, 8 *Federal Practice & Procedure: Civil,* § 2033.

However, as to those experts who will not be called at trial but who have been retained by plaintiffs, request no. 39 will be granted. *See* Wright, Miller & Cooper, supra, at § 2032.

Therefore, it is

ORDERED and ADJUDGED that the aforementioned requests for discovery be and the same are hereby granted with the modifications delineated above, as follows:

Request No. 17: copies, instead of originals, to be provided.

Request No. 21: copies supplied to the court to be sealed.

Request No. 25: copies supplied to the court to be sealed.

Request No. 39: name, address, and occupation of persons retained or specially employed by plaintiffs as experts in anticipation of litigation whom plaintiffs do not expect to call as witnesses at trial.

DONE and ORDERED in chambers in Miami, Florida, this 12th day of October, 1977.