David DAY, et al., Plaintiffs,

v.

NLO, INC., et al., Defendants.

No. C–1–90–67.

United States District Court,
S.D. Ohio, W.D.

Jan. 22, 1993.

Thomas Joseph Kircher, Kircher, Robinson, Cook, Newman & Welch; Paul M. De Marco, Waite, Schneider, Bayless & Chesley Co and Allen Paul Grunes, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, for plaintiffs.

William Howard Hawkins, II, Frost & Jacobs; John Stephen Wirthlin, Sr., Kevin T. Van Wart, Douglas James Kurtenbach, Beirne & Wirthlin, Cincinnati, OH; Herbert L. Fenster, McKenna, Conner & Cuneo, Washington, DC; and David M. Bernick, Kirkland & Ellis, Chicago, IL, for defendants.

SPIEGEL, District Judge.

This matter is before the Court on the Defendants' Motion to Strike Certain Plaintiffs' Experts (doc. 326) and the Plaintiffs' Response (doc. 331). At the Defendants' request, we have given this matter expedited consideration. In light of the Defendants' time constraints, we have not given the Defendants an opportunity to Reply.

## BACKGROUND

This case involves the Feed Materials Production Center ("FMPC") located in Fernald, Ohio. At the FMPC, National Lead of Ohio ("NLO") was involved in certain aspects of developing and manufacturing nuclear weapons for our country's armed services.

In 1990, the workers and the frequenters at the FMPC, along with their families, brought this lawsuit. The workers and the frequenters allege that they are suffering from an increased risk of disease, emotional distress in light of the increased risk of disease, and disease itself. This Court held a seven week statute of limitations trial in this case in the fall of 1991. The jury in that trial found that some of the Plaintiffs were time-barred while others could continue in the litigation. In light of the jury's determination, the Court certified a class.

The discovery cut-off in this case is February 7, 1993, and a summary jury trial is scheduled to begin February 16, 1993.

## DISCUSSION

On December 2, 1992, this Court held a Final Pre-trial Conference for the Summary Jury Trial scheduled to begin February 16, 1993. At that conference, the Defendants complained that they did not understand the foundation or the thrust of the Plaintiffs' allegations. As a result, this Court ordered the Plaintiffs to furnish their experts' answers to the Defendants' interrogatories by Christmas. The Defendants then agreed to depose the Plaintiffs' experts in January 1993.

On Christmas Eve, the Plaintiffs served the Defendants with their experts' answers under Fed.R.Civ.P. 26(b)(4). On January 4th and 5th, the Plaintiffs provided the Defendants with interrogatory responses for the three class representatives (Hollerbach, Gallina, and Brown), which the Plaintiffs added on the day of the Final Pre-trial Conference.

The Defendants' Motion has three separate components: (1) to strike certain experts of the Plaintiffs; (2) to limit the Plaintiffs' other experts to their December 24, 1992 reports; and, (3) to strike the newly added class representatives. We shall consider these components in order.

*Striking Certain Experts of the Plaintiffs*

The Defendants argue that the Court should strike the testimony of certain expert witnesses, because the Plaintiffs did not provide adequate interrogatory responses from their expert witnesses under Fed.R.Civ.P. 26(b)(4). Rule 26(b)(4) allows a party to discover the facts and opinions held by an expert witness. Specifically, Fed.R.Civ.P. 26(b)(4)(A)(i) states that a party may discover through interrogatories

the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

Ordinarily, this discovery matter would be handled by the Magistrate as a motion to compel further answer. *See* Charles Alan Wright and Arthur R. Miller, 8 *Federal Practice and Procedure* § 2030, at 252 (1970 & Supp.1992). However, given the impending discovery cut-off and the summary jury trial, rather than refer it to the Magistrate, this Court will consider the motion before the Court.

Fed.R.Civ.P. 26(b)(4)(A)(i) requires an expert witness to answer interrogatories and reveal the substance of the facts underlying his or her opinion in order to allow the opposing party to prepare an effective cross-examination. *Hoover v. United States Dept. of Interior,* 611 F.2d 1132, 1142 (5th Cir. 1980). Because Fed.R.Civ.P. 26(b)(4) provides that an expert's opinions should be discovered through interrogatories, the drafters appear to have intended the Rule to act as a limitation upon the more general discovery provisions contained in Rules 27 through 37. Thomas J. Trenkner, Annotation, *Pretrial Discovery of Facts Known and Opinions Held By Opponent's Experts Under Rule 26(b)(4) of Federal Rules of Civil Procedure* 33 *A.L.R.Fed.* 403, 414 (1992). In practice, however, discovery of experts has not been so limited:

> [t]he interrogatory overwhelmingly is recognized as a totally unsatisfactory method of providing adequate preparation for cross-examination and rebuttal. In practice, full discovery is the rule, and practitioners use all available means of disclosure including both the discovery of expert's reports and depositions.

Charles Alan Wright and Arthur R. Miller, 8 *Federal Practice and Procedure* § 2030, at 252 (Supp.1992). Although the framers of Fed.R.Civ.P. 26(b)(4) envisioned that interrogatories would be completed satisfactorily before allowing further discovery, some courts have permitted the deposition of an expert witness where the answers to interrogatories are incomplete under Fed.R.Civ.P. 26(b)(4)(A)(i). *See Hoover,* 611 F.2d at 1142 (noting that under the rules further discovery is not possible as a matter of right, but only upon motion); *Worley v. Massey–Fer-guson, Inc.,* 79 F.R.D. 534, 537 (N.D.Miss. 1978) (allowing an expert to be deposed despite incomplete interrogatories).

Still, despite the possibility of allowing depositions of expert witnesses, most courts have required an expert witness to answer the interrogatories satisfactorily by providing the substance of the facts upon which he or she is relying and the reasons or rationale behind his or her expert opinion. Fed. R.Civ.P. 26(b)(4)(A)(i). *Uresil Corp. v. Cook Group, Inc.,* 135 F.R.D. 168, 173 (N.D.Ill. 1991); *LeBarron v. Haverhill Coop. Sch. Dist.,* 127 F.R.D. 38, 40 (D.N.H.1989); *Rupp v. Vock & Weiderhold, Inc.,* 52 F.R.D. 111, 114 (N.D.Ohio 1971).

### Experts Melius, Landrigan, Kelly, and Albers

■ Upon close review by this Court, the expert answers of Plaintiffs' experts Melius, Landrigan, Kelly, and Albers do not quite provide the substance of the facts and opinions upon which they rely. For example, the interrogatory answers[1] state that these three experts will testify about "the risks associated with materials and practices at the FMPC." The answers do not identify about which materials and which practices the Plaintiffs' experts plan to testify. Furthermore, according to the statements given, the Plaintiffs are supposed to testify that NLO knew that the Plaintiffs would be injured. However, the interrogatory answers do not provide any sort of factual basis upon which the experts are rendering that opinion.

Thus, in the case before the Court, the Plaintiffs have provided marginally unsatisfactory interrogatory answers. We are therefore ordering the Plaintiffs to provide more complete interrogatory answers of Plaintiffs' experts Melius, Landrigan, Kelly, and Albers by noon on Wednesday, January 27, 1993. We note that an expert's interrogatory answers do not have to be a complete summary of their expected trial testimony; rather, an expert's interrogatory answers must provide the **substance** of the facts and opinions upon which he or she is relying. Furthermore, the Defendants shall be permitted to depose the Plaintiffs' expert witnesses by February 7, 1993. *See* Fed.

---

**1.** The "interrogatory answers" are essentially statements about an expert's planned testimony.

R.Civ.P. 26(b)(4)(A)(ii) (allowing a court to order further discovery).[2] By providing the substance of an expert's facts and opinions via answers to interrogatories and allowing that expert to be deposed, the Defendants will have the opportunity to develop an effective cross-examination.

We have thus handled the problems with the interrogatory answers of the Plaintiffs' experts by compelling further answer, as most other courts have done. *See* Charles Alan Wright and Arthur R. Miller, 8 *Federal Practice and Procedure* § 2030, at 252. The Defendants have requested that the Plaintiffs' expert testimony be stricken at trial. This, however, is far too draconian. To bar the testimony of the Plaintiffs' experts would emasculate their case for not quite reaching the somewhat amorphous standards of Fed. R.Civ.P. 26(b)(4)(A)(i).

By compelling further answer, the Defendants are not seriously prejudiced for a number of reasons. First, after January 27, 1993, we expect the Defendants will have complete interrogatory answers by the Plaintiffs' experts. As a result, the Defendants will still have an opportunity to depose the Plaintiffs' experts before the February 7, 1993 discovery cut-off. Second, any time constraints imposed upon the Defendants is partially their own doing. The Defendants received the interrogatory answers of the Plaintiffs' experts on Christmas Eve. The Defendants waited until January 7, 1993 to file this motion. Third, the interrogatory answers of the Plaintiffs' experts are close to meeting the standards of Fed.R.Civ.P. 26(b)(4)(A)(i).

### Dr. Lindy

■ The Defendants next challenge the interrogatory answers of Dr. Lindy, another of the Plaintiffs' experts. Dr. Lindy reveals his conclusions about three named Plaintiffs and how he arrived at them. Dr. Lindy states that his opinions are preliminary at this time and that more work is necessary. In light of the apparent delay in Dr. Lindy's work, Dr. Lindy may have until February 10, 1993 to complete his work. The Plaintiffs

shall deliver Dr. Lindy's complete report to the Plaintiffs on that same day. For the sole purpose of deposing Dr. Lindy or the Defendants' expert in Dr. Lindy's area of expertise, discovery is extended through February 12, 1993. In any event, on February 14, 1993, the parties shall exchange or disclose information about Dr. Lindy's expected testimony that either party plans to use at the summary jury trial.

### Dr. Rosen

■ The Defendants also argue that economist Harvey Rosen's statement is inadequate and therefore should be excluded. Mr. Rosen's statement consists of schedules which attempt to gauge the cost of medical monitoring. The statements calculate the present value of a stream of payments equal to $800 per year in year one and $300 per year for each of the expected remaining years of the class representatives. The Defendants contend that Mr. Rosen's assumptions are unfounded, and that no evidence exists that medical monitoring would cost this amount. The Defendants' criticism, however, goes to the weight of Mr. Rosen's testimony. Consequently, such criticism is properly addressed on cross examination— not on a motion to exclude testimony.

Mr. Rosen's opinion deals with the cost of medical monitoring. By providing Mr. Rosen's numbers and his underlying assumptions about those numbers, the Plaintiffs have given the Defendants the substance of Mr. Rosen's expected testimony. The Defendants now have the opportunity to depose Mr. Rosen if they care to learn more about how Mr. Rosen arose at his opinion.

### *Motion to Limit Certain Experts' Testimony*

■ The Defendants next move to limit the testimony of Plaintiffs' experts Franke and Makhijani to the information contained in their December 24, 1992, Fed.R.Civ.P. 26(b)(4)(A)(i) statement. As we have discussed at length above, Fed.R.Civ.P. 26(b)(4)(A)(i) requires an expert to divulge

---

**2.** The Court is unaware of any motion by the Defendants to depose the Plaintiffs' experts, but in light of the imminent discovery cut-off and summary jury trial, the Court is taking this action *sua sponte.*

148

the **substance** of his or her opinion, as well as the underlying facts. The rule does not require that an expert divulge the **entirety** of his or her testimony.

Neither the Defendants nor the Court have been able to find any support for the proposition that an expert is limited in his testimony by his Fed.R.Civ.P. 26(b)(4)(A)(i) statement. Therefore, we conclude that Plaintiffs' experts Franke and Makhijani are not necessarily limited to their Fed.R.Civ.P. 26(b)(4)(A)(i) statement.

*Motion to Strike Plaintiffs' New Class Representatives*

The Court permitted the Plaintiffs to add three new class representatives after the Final Pre-trial Conference on December 2, 1992. The Defendants give a number of reasons for asking the Court to strike these three class representatives.

 First, the Defendants claim that they have been prejudiced because they did not receive promptly interrogatory responses about these Plaintiffs. If the Defendants did not receive interrogatory responses in a timely manner, this would be subject to a motion to compel, not a motion to strike certain litigants from a case. Furthermore, it appears to this Court that the Plaintiffs' responses were indeed timely under the Federal Rules of Civil Procedure.

Second, the Defendants argue that the age and background of these new Plaintiffs raise special issues that Dr. Lindy has not evaluated. As discussed earlier in this Order, Dr. Lindy's work must be completed by February 10, 1993. The Defendants will then have an opportunity to depose Dr. Lindy shortly after his completed report. Therefore, this issue should be moot before the summary jury trial commences on February 16, 1993.

Third, the Defendants argue that they have had trouble obtaining certain medical records. This appears to be a discovery problem. If the Defendants have not received certain documents, then they should file a motion to compel. The Defendants offer no reason, nor can the Court fairly justify, striking litigants as class representa-

tives because the Defendants have not received certain documents.

CONCLUSION

The Defendants' Motion to Strike Certain Witnesses is denied; however, the Plaintiffs must provide further interrogatory answers by noon on Wednesday, January 27, 1993. Finally, the Defendants' Motion to Limit Testimony and Strike Class Representatives is denied.

SO ORDERED.